# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## RICHMOND & DANVILLE RAILROAD CO. V. YEAMANS.

### JUNE 19th, 1894.

RAILROADS—*Accident at crossing—Case at bar.*—Plaintiff's horse had calmly
approached defendant's train as it passed very close to him, and after it
passed, having safely cleared the track, homeward bound, became
frightened at the steam from the same engine on its return, and backed
the wagon against the train, whereby plaintiff was injured. HELD: De-
fendant not liable, as it could not foresee such unusual conduct on the
part of the horse. *R. & D. R. R. Co.* v. *Yeamans*, 86 Va., 861.

Argued at Richmond.   Decided at Wytheville.

Error to judgment of corporation court of Danville, in an
action of trespass on the case wherein Thomas B. Yeamans
was plaintiff and the Richmond and Danville Railroad Com-
pany was defendant.   The verdict and judgment being for the
plaintiff, the defendant brought the case here on writ of error
and *supersedeas*.   Opinion states the facts.

*Charles M. Blackford,* for plaintiff in error.

*Peatross & Harris* and *Staples & Munford,* for defendant in
error.

LACY, J., delivered the opinion of the court.

This is a second appeal, and is the same case which is re-
ported in 86 Va., at page 860, under the same name.   At that

hearing, the corporation court was reversed, and the case remanded for a new trial to be had therein.

At the trial the same witnesses appear to have been examined for the plaintiff—the plaintiff, his son (a boy about fourteen years of age), and a colored driver on the other side of the track driving a wagon toward the track, a surveyor, and two witnesses from Danville—to prove that the place of the accident was within the corporate limits of North Danville.

The evidence for the plaintiff is about the same as that stated in the case in 83 Va., *supra.*

While the plaintiff stated at the first trial that he had crossed the track some feet when the engine started back, and this time that he had not cleared the track, yet I find that on cross-examination he had stated on the first trial that he had not cleared the track when the engine started, and the witness, Eddie Yeamans, adds this part of his statement. Yet it is the same case in substance. The horse and wagon of the plaintiff was not approaching the track as the train came back, but by the *concensus* of all the witnesses had crossed the railroad track and was going in the opposite direction when the train neared the crossing; and the collision was caused not by the train running over a wagon crossing the track, but by the horse backing the wagon against the train as it passed. There was no way by which the conductor of the train could foretell that this horse would reverse his action, instead of going on toward home on an unobstructed road, and go backwards upon this train, nor was there any way by which it could be anticipated that this horse, which had calmly approached the moving train as it passed very close to him, would become frightened at the steam from the same engine when it came back, especially as he was clear of the track homeward bound. It was one of those unexpected and unusual accidents which happen so seldom as not to be within the contemplation of ordinary minds. Few men have ever had such an experience, if any have; and few men, if any, would expect or anticipate any

such occurrence. It was not negligence, or lack of ordinary care or diligence, that it was wholly unforseen, wholly unanticipated by everybody. I think now, as I thought at the first appeal, that there was no poof of any negligence on the part of the company. The instructions asked for by the defendant were all given, and I think the defendant was not hurt by any instruction given by the court on the motion of the plaintiff.

But the corporation court did err in overruling the motion of the defendant to set aside the verdict of the jury and grant a new trial. The plaintiff is not entitled to any recovery in this case against the defendant company. It has been so decided by this court in 83 Va., 860, *supra.* And the corporation court should have set aside the verdict, and ought to have granted a new trial to the defendant. Its refusal to do so was in disregard of the decision of this court in this very case, and for that reason the judgment of that court herein will be reversed and annulled, and the case remanded for a new trial to be had therein in accordance with this opinion, and not otherwise.

LEWIS, P., dissented.

JUDGMENT REVERSED.