JAMES PALANGIO *vs.* THE WILD RIVER LUMBER COMPANY.

Oxford.　　Opinion March 26, 1894.

*Railroads. Lumber Company. Laborer's Lien. R. S., c. 48, § 16; c. 51, § 141.*

A lumber company organized under R. S., c. 48, § 16, as a manufacturing corporation, having constructed a railroad on its own land to facilitate its lumbering operations, is not a railroad company within the meaning of the statute, R. S., c. 51, § 141, making such companies liable to pay the laborers employed by contractors in their construction.

AGREED STATEMENT OF FACTS.

It appeared from the agreed statement that the defendant corporation, in 1891, constructed a road bed upon its own land extending from Gilead, in Oxford County, to a point in New Hampshire, about four miles beyond the State line, and furnished said road with sleepers and iron rails upon which to run its locomotives and cars, for the transportation of its own lumber from the lands of the said corporation in New Hampshire to said Gilead.

That the said corporation had no other authority to construct and operate a railroad than what is contained in the certificate of its organization, under R. S., c. 48, § 16, relating to manufacturing corporations.

That the defendant contracted for the building of said road with one O. M. Gallup, who employed the men named in the several counts in the writ. That portion of the said road first built is in the State of Maine, and that for all labor performed by said men for said Gallup in Maine, they have been paid in full. The several sums due said men from said Gallup are for labor performed upon said road in New Hampshire. Said laborers assigned their respective claims to the plaintiff as stated in the writ. Said laborers within twenty days after the completion of such labor, in writing, notified the treasurer of said corporation that they had not been paid by said contractor, and this action was brought within six months after said notices were given.

*W. H. Looney*, for plaintiff.
*Herrick and Park*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J. A statute of this State (R. S., c. 51, § 141) makes railroad companies liable to pay the laborers employed by contractors under certain specified conditions; and the only question we find it necessary to consider is whether the Wild River Lumber Company can be regarded as a railroad company within the meaning of this statute. We think it can not. Its name does not indicate that it is a railroad company, nor does the certificate of its organization mention the building, construction, or operation of a railroad as one of the purposes for which it was created. Nor was it organized under the railroad law. It was organized under a statute (R. S., c. 48, § 16,) from the operation of which corporations for the construction and operation of railroads are expressly excepted. Surely, it is impossible to regard such a corporation as a railroad company. It does not possess one of the distinguishing characteristics of a railroad company. True, the company has constructed a road bed upon its own land upon which it has placed sleepers and iron rails for the transportation of its own lumber from its own lands. But this no more makes it a railroad company, within the meaning of the law, than the construction of a camp in which to feed and lodge its laborers would make it a hotel company. An individual can lay a railroad track upon his own land for his own use without obtaining a railroad charter, and without thereby making himself a railroad company: and so can a lumbering corporation.

Other objections are urged against the maintenance of this action; but our conclusion being that the agreed statement of facts does not bring the defendant corporation within the operation of the statute relied upon for its maintenance, it is unnecessary to consider them.

*Judgment for defendant.*