# Richmond.

## SMITH'S ADMINISTRATOR v. NORFOLK AND PORTSMOUTH TRACTION CO.

### March 11, 1909.

### Absent, Keith, P.

1. MASTER AND SERVANT—*Street Railways—Personal Injury to Servant—Notice of Danger—Knowledge—Question for Jury.*—The fact that a conductor of a street car. who was killed by being struck by a freight car standing on a siding of the company in close proximity to the main line, had passed this car before the accident, did not charge him with knowledge of its dangerous proximity to the main line. Mere knowledge that a freight was sometimes on the track at that point did not charge him with knowledge of its dangerous proximity. Whether he knew of such proximity was a question of fact for the jury. He could not be held to know it as a matter of law, and an instruction so declaring is erroneous. In order to charge a servant with notice of a defect and danger, it must be unquestionably clear and plain, so that if he did not see it, he must necessarily have been in fault.

2. MASTER AND SERVANT—*Street Railways—Injury of Conductor—Contributory Negligence—Ordinary Care—Measure of Duty.*—Negligence consists of the failure, under the circumstances, to exercise ordinary care, and the only difference between negligence of a plaintiff and of a defendant is that the former is called contributory negligence. To declare that if a street car conductor could have performed his duties and still have avoided the injury of which he complains he cannot recover is to require of him a higher degree of care than the law imposes. Perfection of attention to surroundings, while the mind is concentrated on a particular duty, is not required. The law only requires the exercise of reasonable or ordinary care—such care as reasonably prudent men would exercise for their safety under like circumstances.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of trespass on the case.    Judgment for the defendant.    Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Daniel Coleman* and *Nathaniel T. Green,* for the plaintiff in error.

*Williams & Tunstall* and *Henry W. Anderson,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was brought by the administrator of A. L. Smith, deceased, to recover of the Norfolk and Portsmouth Traction Company damages for its alleged negligent killing of the plaintiff's intestate.    There was a verdict and judgment in favor of the defendant, which this writ of error brings before us for review.

The defendant company operates an electric railroad between Norfolk city, Ocean View and Willoughby Spit, carrying thereon both freight and passengers.    The plaintiff's intestate was in the employment of the company in the capacity of conductor on one of its passenger cars.    The deceased had been in the employment of the company as a regular conductor for about eighteen days, and had been operating cars of the size and kind he was on when killed for only six days previous to the injury which resulted in his death.

The car on which the deceased was conductor at the time of the accident was an open electric car, with seats running across the car and a board running along the whole length of the car on the outside, for the use of persons getting on and off the car, and for the use of the conductor in the collection of fares.    The

line of the defendant passed near Ocean View, where the company had a freight house in front of which was standing, at the time of the accident, one of its freight cars.

On the 5th day of July, 1907, the deceased was in charge of a car which was coming from Willoughby Spit to Ocean View, and as he approached the latter point was standing on the running-board of his car, in the discharge of his duty as conductor collecting fares, and was caught between the car upon which he was conductor and the freight car of the company, which was standing on a practically parallel track, thereby receiving the injuries which resulted in his death.

The gravamen of the declaration is that it was the duty of the defendant company to use due and ordinary care to provide a reasonably safe place for the deceased to work in while in the discharge of his duty as conductor, so as to protect him from being struck by cars standing upon its side-tracks; but that the defendant, disregarding this duty, had carelessly and negligently left standing upon its side-track near Ocean View a freight car of such dimensions that plaintiff's intestate could not safely pass it while on the running-board of his own car collecting fares; the proximity of the freight car being unknown to the deceased.

As already seen, the plaintiff's intestate had been operating the car upon which he was killed for only six days, and the uncontradicted evidence shows that the freight car was not always on the track in question, being there only from 8:30 A. M. to 10:30 A. M. and from about 6 P. M. to 7:30 P. M. of each day.

On the trial of the case, the court, at the instance of the defendant, and over the objection of the plaintiff, gave the following instruction: "If the jury believe from the evidence that the plaintiff's intestate came to his death by being struck by a freight car of the defendant on a track parallel, or approximately parallel, to that upon which his car was running, and if they further believe that the said intestate had, for several days

prior to the said accident, passed the said freight car in the day time while it was standing in substantially the same position upon the said side track, and while the said intestate was riding as a conductor upon a car of the same size as that upon which he was riding at the time of the accident, then the law presumes that the said intestate knew of the proximity of the said car to the track, if the said car was in the said position at the time; and if the jury further believe that the said intestate could have preformed his duties as conductor, and still have avoided being struck by the said car, then the said intestate was guilty of contributory negligence, and the plaintiff cannot recover."

We are of opinion that this instruction was erroneous in two material and important particulars. In the first part of the instruction the jury are told that if they believe the plaintiff's intestate had, for several days prior to the accident, passed the freight car in question in the day time, while it was standing in substantially the same position and while the deceased was riding as a conductor upon a car of the same size as that upon which he was riding at the time of the accident, *then the law presumes that the said intestate knew of the proximity of the said car to the track,* if the said car was in the said position at the time. Assuming the circumstances stated in the instruction to be established, the law would not presume from them that the plaintiff's intestate knew of the dangerous proximity of the freight car to his own. The fact that the decedent had passed this car before the accident, did not charge him with knowledge of its proximity to the track. Whether he knew of such proximity was a question of fact for the jury. He could not be held to know it is a matter of law. *Choctaw, &c. Co. v. McDade,* 191 U. S., 64-67, 48 L. Ed. 96, 24 Sup. Ct. 24.; *Texas Pacific R. Co. v. Swearingen,* 196 U. S. 51, 49 L. Ed. 382, 25 Sup. Ct. 164.

In the cases cited, the structures which constituted the danger were permanent. The case at bar is stronger, in that the

structure was temporary.  To charge the servant with notice, the defect and danger must be unquestionably plain and clear, so that if he did not see it, he must necessarily have been in fault.  *N. & W. Ry. Co.* v. *Cheatwood,* 103 Va. 356, 49 S. E. 489.

In the case at bar, the freight car was only standing at the company's freight house a small part of each day, and the deceased had only been passing there on the open car as a conductor a part of each of the preceding six days.  It would have been very difficult for the deceased, under such circumstances, on a rapidly moving car, to have detected with the naked eye how near the freight car was to the track he was on, even if his attention had been directed to the subject.  Certainly, the law, under such circumstances, does not presume that he knew that the freight car was in dangerous proximity.  He had a right to assume that the defendant company had performed its duty, and that the tracks were a sufficient distance apart to avoid the accident which happened.  Mere knowledge that a freight car was sometimes standing on the track at that point did not charge the deceased with knowledge of how close it was to the track he was on, or that its proximity was such as to make it dangerous for him to pass while in the discharge of his duty as conductor collecting fares.

The latter portion of the instruction is as follows:  "And if the jury further believe that the said intestate could have performed his duties as conductor, and still have avoided being struck by the said car, then the said intestate was guilty of contributory negligence, and the plaintiff cannot recover."

Negligence consists of the failure, under the circumstances, to exercise ordinary care.  There is no distinction between negligence in the plaintiff and negligence in the defendant, except that the negligence of the former is called contributory negligence.  The latter part of this instruction required of the deceased a higher degree of care than the law imposes.  It makes no allowance for the ordinary imperfections of humanity;

it requires absolute perfection of attention to surroundings, while the mind is concentrated upon a particular duty. · So high a degree of care the law does not enjoin. It requires only the exercise of reasonable and ordinary care—such care as reasonably prudent men would, under like circumstances, exercise for their safety. Labatt on Master & Servant, Vol. 1, sec. 328; *Bertha Zinc Co.* v. *Martin,* 93 Va. 791, 22 S. E. 869, 70 L. R. A. 999.

It is further contended, on behalf of the defendant in error, that even if the instruction mentioned be erroneous, the judgment should be affirmed, because no other verdict could have been rightly found.

The reference already made to the evidence in this case is sufficient to show that the rule invoked cannot be applied to a case like this, where a verdict for the plaintiff on the evidence adduced could not be properly disturbed.

As the judgment must be reversed for the errors pointed out, in the instruction, it is unnecessary to consider other assignments of error.

The judgment complained of must, therefore, be reversed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with this opinion.

*Reversed.*