# Wytheville.

## CHEASAPEAKE AND OHIO RAILWAY CO. v. WILLS.

### June 9, 1910.

#### Absent, Buchanan, J.

1. CARRIERS—*Injury to Passenger—Alighting from Moving Train— Proximate Cause.*—Although a railroad company may have been negligent in causing a passenger to enter the wrong train, and be responsible to him for whatever loss or damage he sustained which could have been reasonably expected to result from such negligence, if the passenger, upon his own responsibility and without the knowledge of the company of his situation, steps from the train while it is in motion and is thrown under it and injured, he cannot recover damages from the railroad company for the injury so inflicted, as his own conduct was the proximate cause of the injury complained of, even though the train was moving very slowly, and a person of ordinary care and prudence would not have apprehended any danger from alighting under like circumstances. For a discussion of what constitutes proximate cause, see opinion of Keith, P.

2. APPEAL AND ERROR—*Demurrer Overruled to Original and Amended Declarations—Reversal—Final Judgment for Defendant.*—Where a demurrer to a declaration has been overruled, and the plaintiff, of his own motion, has filed an amended declaration to which a demurrer was also overruled by the trial court, it will be presumed that the plaintiff has stated his case as strongly as the facts would warrant, and this court, upon sustaining the defendant's demurrer to both declarations, will enter up final judgment for the defendant.

Error to a judgment of the Circuit Court of Orange county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Williams & Browning*, for the plaintiff in error.

*Frederick W. Sims*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The defendant in error brought suit against the plaintiff in error to recover for an injury sustained in alighting from one of its trains. There was a demurrer to the declaration and to each of its three counts, which the court overruled, and upon a trial before a jury there was a verdict and judgment in favor of the plaintiff, to which a writ of error was awarded.

The only error assigned which we shall find it necessary to consider is to the ruling of the court upon the demurrer to the declaration.

The first declaration filed was demurred to, grounds of demurrer were assigned and argued, and the judge of the court entered an order overruling the demurrer. Thereupon, the plaintiff, upon his own motion, was permitted to amend the declaration, and the defendant demurred to the amended declaration and each count, which demurrer was also overruled by the court.

The first count states that the plaintiff, on the 13th of July, 1907, was a passenger on the defendant's railway, to be carried from its station at Gordonsville to Louisa, in this State, for a certain fare which was paid; that it was the duty of the defendant, with due and proper care and reasonable diligence. to carry the plaintiff safely, but that it so carelessly and negligently managed its passenger trains that it misled the plaintiff and caused him to get upon a train that was not bound in the direction that he wished to go, but in an opposite and contrary direction, and that immediately upon

getting on board said train the defendant then and there started it and wrongfully carried the plaintiff away from his true destination on a journey different from that upon which it was the duty of the defendant to carry him; whereupon, immediately upon the starting of the train, the plaintiff perceived that he was being carried by defendant away from his destination, and he ran at once to the exit of the passenger coach in which he was, and when the train had not attained any speed, but was moving very slowly, the plaintiff then and there attempted to alight therefrom, and did not apprehend, nor would any ordinary, careful and prudent man have apprehended, under like circumstances, any danger from alighting; and while thus attempting to alight the plaintiff was thrown under the train by the careless and negligent conduct and management of the defendant in carrying him away from his destination, by reason whereof one of the legs of the plaintiff was crushed and broken so that amputation became necessary.

The second and third counts state the same cause of action, and enter into details setting out the manner in which the plaintiff had been misled into taking a train going in the opposite direction to that in which he desired to go, carrying him, in fact, to the west when his point of destination was directly to the east. When it comes, however, to narrate what occurred when he discovered that he was being taken away from his true destination, his own conduct is described in the second and third counts substantially as was done in the first count.

It may be conceded, in the view that we take of this case, that the railroad company was guilty of actionable negligence in permitting such confusion in the movement of its trains to exist at Gordonsville as misled the plaintiff, acting with reasonable prudence and caution, into entering the wrong train; it may be conceded that it was the duty of the defendant to exercise reasonable care and caution so to inform passengers

as to the movement and destination of its trains as to enable those wishing to entrain to enter the train which would take them to the point they wished to reach. It may be further conceded that for the failure to perform that duty the railroad company was responsible for whatever loss or damage the passenger sustained, which could be reasonably expected to result from such negligent act. When, therefore, the plaintiff found himself moving in a direction the opposite of that in which he wished to go, he had, in the case supposed, a complete right of action against the defendant company to recover the damages flowing from the breach of duty owed to him by the railroad company.

But that is not the injury for which this suit was brought. The plaintiff, finding himself moving from instead of toward his home, went at once to the door of the car and undertook to alight from the train while in motion, and suffered the injury which resulted in the amputation of his leg. It does not appear from the declaration that the defendant directed, requested, encouraged or suggested that the plaintiff should step from the car while in motion. It does not appear from the declaration that the defendant was advised in any manner of the situation in which the plaintiff found himself. He acted solely upon his own responsibility in alighting from the train, and that act was the proximate cause of the injury which he received, and the negligent conduct of the railroad company in causing him to enter the wrong train, conceding that it was guilty of negligence, was the remote cause.

In Shearman & Redfield on Negligence, sec. 26, it is said: "The proximate cause of an event must be understood to be that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred. Proximity in point of time or space, however, is no part of the definition. That is of no importance, except as it may afford evidence for or against proximity of causation, that is, the

proximate cause which is nearest in the order of responsible ·causation."

At section 28, the same authors say: "Very great difficulty has been found in determining what damages should be con- ·sidered as flowing, in a 'natural and continuous sequence,' .from an act of negligence, especially when it is not a mat· :ter of contract liability. On the one hand, it has been main- .tained that, in cases of tortious negligence, the defendant :should be held responsible for all damages which do in fact result from his wrongful acts, whether they could have been anticipated or not. On the other hand, it has been maintained that he should not be held, responsible for any damages ex- ·cept such as he could, in the exercise of reasonable foresight, .have foreseen as the probable consequences of his act. As :a middle ground, it has been asserted that he should be made ·responsible for such damage as is known by common experi- ·ence to usually follow such a wrongful act. The weight of authority seems to be decidedly against holding the defendant liable for all the actual consequences of his wrongful acts, when they are such as no human being, even with the fullest knowledge of the circumstances, would have considered likely to occur; and, on the other hand, the best authorities seem ·to be quite opposed to the theory that he should be held liable only for such consequences as he ought himself to have ·foreseen. So much difficulty, indeed, has been felt in attempt- ing to lay down a rule to cover all possible cases, that some ·of the ablest judges have declined to state any fixed rule, and have indicated a disposition to leave all doubtful cases to the ·jury. The practical solution of this question appears to us to be that a person guilty of negligence should be held re- ·sponsible for all the consequences which a prudent and ex- perienced man, fully acquainted with all the circumstances which in fact existed (whether they could have been ascer- ·tained by reasonable diligence or not), would, at the time

of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind."

In 32 Cyc. p. 745, several definitions of proximate cause are given, among them as follows: "An act which directly produced or concurred directly in producing the injury; that from which the effect might be expected to follow without the concurrence of any unusual circumstances; that which immediately precedes and produces the effect, as distinguished from a remote, mediate, or predisposing cause; that which in a natural and continuous sequence, unbroken by any new cause, produced that event, and without which that event would not have occurred."

In 8 Am. & Eng. Ency. L., p. 571, it is said: "In the law of damages the proximate cause of an injury may in general be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, where, had it not happened, the injury would not have been inflicted, notwithstanding the latter. Where an efficient producing cause for injuries is found, it will be considered the proximate cause, unless another cause or causes, not incident to but independent of it, are shown to have intervened and produced the injury. The question must always be, therefore, whether there was any intermediate cause disconnected from the primary act and self-operating, which produced the injury; an inquiry to be answered in accordance with common understanding. Where this question can be answered in the affirmative, the independent intervening cause will be regarded as the proximate cause, and the author of the original act discharged. * * *

"The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments. It is not essential, therefore, for a plaintiff to show that an act, claimed to have been the proximate cause of a certain result, was the only cause. It is sufficient if it be established that the defendant's act produced or set in motion other

agencies, which in turn produced or contributed to the final result. Where, however, the connection is not immediate between the injurious act complained of and the consequence, such nearness in the order of events and closeness in the relation of cause and effect must subsist that the influence of the injurious act predominates over that of other causes, and concurs to produce the consequence."

These principles are in accordance with the decisions of this court.

In *Folkes* v. *Southern R. Co.*, 96 Va. 742, 32 S. E. 464, it was said: "That the defendant was guilty of negligence is conceded, and that it is liable in damages for the direct consequences of that negligence is also conceded. * * * It is not only requisite that damages, actual or inferential, should be suffered, but this damage must be the legitimate sequence of the thing amiss. The maxim of the law here applicable is, that in law the immediate and not the remote cause of any event is regarded. In other words, the law always refers the injury to the proximate, not to the remote cause. If an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote. To the proximate cause we may usually trace consequences with some degree of assurance, but beyond that we enter a field of conjecture where the uncertainty renders the attempt at exact conclusions futile. If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and the damage are not sufficiently conjoined or concatenated as cause and effect to support an action."

And in *Scheffer* v. *Railroad Co.*, 105 U. S. 249, 26 L. Ed. 1070, Mr. Justice Miller said: "To warrant the finding of negligence, or an act not amounting to wanton wrong, as the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

In *Jammison* v. *Chesapeake, &c.*, *R. Co.*, 92 Va., 327, 23 S. E. 758, 53 Am. St. Rep. 813, it was held that, if a passenger train fails to stop at a station to which a passenger has purchased a ticket, it is the duty of the passenger to retain his seat until he arrives at the next station at which the train stops; and, if he feels aggrieved, to institute his action against the company for any loss or injury he may have sustained by reason of the failure to stop the train at the proper station. But if he fails to do this, and, in passing from one coach to another in search of the conductor to get him to stop the train, he is thrown from the train and injured, his negligence is the proximate cause of the injury, and he cannot recover damages of the company therefor.

In this case, the negligence of the railroad company consisted in such acts of omission and commission alleged in the declaration as resulted in the plaintiff getting upon the wrong train, and upon the authority of the case just cited there was an ample remedy for whatever wrong he had sustained by reason of the defendant's negligence. The direct and efficient cause of the injury for which this suit was brought, was the alighting from the train while in motion. In that act the railroad company had no part. As we have seen, the declaration does not aver that any agent of the company directed, advised, encouraged, or even had knowledge of the plaintiff's intention to alight from the train; so that, between the negligent act of the railroad company and the injury suffered by the plaintiff, there was the intervening act of a responsible agent, that responsible agent being the plaintiff

himself. While the plaintiff as a result of the defendant's negligence had taken the wrong train, but was in a place of safety and of his own accord alighted from the train, it cannot be said that the injury which he then received was the natural and continuous sequence, unbroken by any new or independent cause, of the negligence of the defendant which caused him to enter the wrong train.

For these reasons, we are of opinion that the demurrer to the declaration and each count thereof should have been sustained; and in view of the fact that the plaintiff filed a declaration to which the defendant demurred and the court overruled the demurrer, and that the plaintiff then, of his own motion, filed an amended declaration, in which he restated his cause of action, in the light of the objections which had been urged to his original declaration, it is to be presumed that he has made the strongest presentation of his case which the facts permit, and that it could not be bettered if leave were given to amend; and this court, entering such judgment as the circuit court ought to have rendered, will sustain the demurrer and enter a final judgment for the plaintiff in error.

WHITTLE, J., *concurring*:

I concur in the result reached by the president in this case. But I am of opinion that neither the original nor amended declaration states a case of actionable negligence against the defendant

*Reversed.*