# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## IMPERIAL COMPANY v. TROTMAN.

### June 9, 1910.

#### Absent, Harrison, J.

1. MASTER AND SERVANT—*Injury to Servant—Safe Place—Accident.*— While it is the duty of the master to use ordinary care to provide his servant a reasonably safe place in which to work, he is not liable for an accident which could not have been reasonably anticipated by a man of ordinary prudence. In the case at bar, the servant was injured by a fortuitous combination of circumstances which could not reasonably have been anticipated by a prudent man, and which does not constitute an actionable wrong.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hughes & Little* and *P. H. C. Cabell*, for the plaintiff in error.

*W. D. Stoakley* and *Lloyd W. W. Brockenbrough*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The plaintiff in error, the Imperial Company, operated a fertilizer plant near the city of Norfolk, and Lazarus Trotman, the defendant in error, was, at the time he received the injury which occasioned this action, and had been for eight years or more, a laborer in its employment. The building in which the work of the company was conducted was constructed with a second story partly floored over, on which were a number of tracks over which trucks ran for moving material of various kinds. On the day of the accident bales of bags were being moved from trucks on one of these tracks. These bales were made up on the ground floor and raised to the second floor on a hoist. At the point of delivery on the second floor they were loaded on the trucks and wheeled to that part of the floor where they were being piled. Beneath this portion of the second floor where the bales of bags were being piled, the plaintiff and other laborers were engaged in patching and mending loose bags while they were being handled by the laborers before being baled. Whenever a defective bag was discovered by one of the laborers it was tossed into a pile of bags to be mended. At a point alongside the track on the second story was an opening twenty-two inches wide by five feet long running alongside the track. This opening was intended to be used for dumping tankage and other fertilizer material through from the trucks on the second floor to the floor below. The bales of bags which the laborers were handling on the second story measured about three feet by two, and weighed three hundred pounds each.

At the time of the injury Trotman was sitting immediately beneath this hole, either on a pile of tankage, or a pile of bags. While the truck was being unloaded on the floor above, it tipped up at one end and down at the other and one of the bales of bags rolled off and was precipitated directly through the hole, falling upon Trotman and inflicting the

injury for which suit was brought This hole in the floor was sawed there by Wilson, the first witness for the plaintiff, and the plaintiff himself some seven or eight years previous to the accident. During this time Trotman had been laboring at the plant performing at one time or another all the various duties performed by laborers, which sometimes took him upon the ground floor and sometimes upon the floor above. He was one of the old men in the employ of the company, and thoroughly familiar with the work of the plant and with the premises throughout. During the entire previous history of the plant no such accident as this had ever occurred, and it had been supposed that one of the bales of bags could not be gotten through the hole on account of the standard size of the bales, the smallest dimension being twenty-four inches, while the hole measured in width exactly twenty-two inches. The witnesses say that a truckload of the tankage, for the dumping of which this hole was cut, and used, might fall upon a man without doing him serious injury.

It is certainly true that the hole could have been covered up or otherwise guarded and protected so as to render impossible such an accident as that which occurred.

After the evidence was introduced tending to prove the fact we have stated, the Imperial Company demurred to the evidence, the jury found a verdict upon which the court entered judgment for the plaintiff, and the case is before us upon a writ of error.

As was said by Judge Buchanan in *Persinger* v. *Alleghany Ore Co.*, 102 Va. 350, 46 S. E. 325, the rule is well settled that it is the duty of the master to exercise ordinary care to provide a reasonably safe place in which his servants are to work; and continuing he says, that "ordinary care depends upon the circumstances of the particular case, and is such care as persons of ordinary prudence would under the circumstances have exercised. . . . If the accident which occurred was one at all

likely to happen, if it was a probable consequence that an employee working in the bed would be injured or killed by having his clothing caught upon the little 'jagger' on the end of the revolving shaft, as was the plaintiff's intestate, the trial court erred in sustaining the defendant's demurrer to the evidence. But can the accident be said to be one which ordinarily prudent men would have been likely to anticipate?"

Applying the language of that case to the facts in this, can it be said that it was at all likely that a bale of bags twenty-four inches in diameter would fall through a hole twenty-two inches in diameter and injure an employee? Can it be said that an ordinarily prudent man would have been likely to anticipate such an accident? The standard size of the bale was twenty-four inches; the actual width of the hole was twenty-two inches. For eight years the structural condition of the building and the methods of operation used at the time of the accident had continued unchanged and without injury to any one, when by a fortuitous combination of circumstances the truck tilts up and a bale of bags somewhat smaller than the usual and standard size falls through the hole just at the moment when an employee is sitting directly beneath it and he receives the injury.

We think that the facts disclose an accident which could not have been reasonably anticipated by a prudent man, and which does not constitute an actionable wrong; and for these reasons we are of opinion that the judgment of the court of law and chancery should be reversed, and this court will enter such judgment as that court ought to have rendered.

*Reversed.*