# Richmond.

## United States Spruce Lumber Co. v. Shumate.

### January 13, 1916.

1. Railroads—*Grade Crossing—Effective Looking—Failure to Charge—Demurrer.*—The duty of looking and listening before crossing a railroad track must be discharged in a way to make looking and listening effective, and a declaration in a grade crossing case which shows on its face that the plaintiff's looking and listening was not done at such point as to make it effective is bad on demurrer, in the absence of any averment of facts that would bring the case within the doctrine of the last clear chance.

2. Railroads—*Grade Crossing—Obstructed View—Duty of Railroad—Proximate Results—Demurrer.*—A declaration which charges that the view from the approach to a grade crossing at which the plaintiff was in collision with defendant's car was obstructed, and that the "defendant carelessly and wrongfully failed to keep a proper lookout upon said car, and that by reason of such failure the plaintiff was injured" is bad on demurrer. If the obstruction was such that the plaintiff could not see the approach of defendant's car, the servants of the defendant, for the same reason, could not see the approach of the plaintiff.

3. Railroads—*Grade Crossing—Negligence—Last Clear Chance—Proximate Result—Demurrer.*—A declaration which charges that the defendant, after discovering the plaintiff's peril on a crossing, failed to exercise ordinary care to check its car and engine before they collided with the plaintiff, but which fails to allege that the accident could have been avoided by the exercise of such care after the discovery of the plaintiff's peril, is bad on demurrer. However much the defendant may have failed to exercise the care devolved upon it, such failure is not actionable unless the performance of the duty neglected would have prevented the accident which resulted in the plaintiff's injury.

4. Negligence—*Last Clear Chance—What Presupposed.*—The doctrine of the "last clear chance" presupposes an appreciable difference in time between the earlier negligence of the plaintiff and the later negligence of the defendant, and it must appear that, in contemplation of the entire situation, after the peril of the plaintiff became known

to the defendant, or ought to have been discovered by it by the exercise of ordinary care, it negligently failed to do something which it had a *clear chance* to do to avoid the accident.

5. PLEADING—*Declaration—Concurrent Negligence of Plaintiff—Case at Bar.*—It is a necessary conclusion, in the case at bar, from the facts alleged in the declaration, and in each count thereof, that the plaintiff was guilty of negligence, simultaneous and concurrent with that of the defendant, and continuing up to the moment of the accident to him, and that the defendant could not, by the exercise of ordinary care and diligence, have saved him from the result, and hence the declaration fails to state a case entitling the plaintiff to recover of the defendant.

6. APPEAL AND ERROR—*Amended Declaration—Demurrer Sustained—Final Judgment for the Defendant.*—Where a plaintiff has been twice permitted to amend his declaration, and he has so amended it and gone to trial on his second amended declaration, it is to be presumed that he has made the strongest presentation of his case which the facts will permit, and this court, on sustaining a demurrer to the last declaration, will enter up final judgment for the defendant, which is the judgment the trial court should have rendered.

Error to a judgment of the Circuit Court of Grayson county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*R. L. Kirby, J. M. Parsons* and *B. F. Buchanan,* for the plaintiff in error.

*W. S. Poage* and *J. D. Perkins,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This action was brought by Carl Shumate, suing by his father as next friend, against the United States Spruce Lumber Company, a corporation, to recover damages for a personal injury alleged to be the result of the defendant's negligence. There was a verdict and judgment in favor of the plaintiff for $2,500, which judgment is brought under review by the writ of error thereto awarded the defendant.

The declaration, as amended a second time, and upon which the case was tried, contained four counts, to which and to each count of which the defendant demurred, and the action of the court in overruling the demurrer is made the basis of the first assignment of error.

The first count of the declaration, omitting the formal parts, states that the defendant company was "the owner of certain large tracts of timber lands in Grayson county and of certain sawmills and lumber yards from which it cut and hauled timber and sawed and manufactured the said timber into lumber at its sawmills, to be sold and marketed, and was also the owner of a certain railroad, and switches and sidings and locomotive engines used in connection therewith, in the county of Grayson, and also tramroads and other roads, at and near Fairview in said county, over which it hauled log trains, composed of engines and cars of various kinds, which said railroad extended from Marion, in the county of Smyth, to and beyond Fairwood, in the county of Grayson, with switches and sidings at various points and places on said line of railroad; and that the defendant, by its servants, etc., caused to be run on, over and along its said railroad at Fairview (neither an incorporated city or town) a certain car pushed along defendant's track by a certain locomotive engine, run by steam, etc., at a point on said railroad at Fairview and near the defendant's storehouse in said county of Grayson, a public road or highway crosses said railroad, at grade or on the same level and almost at right angles to said railroad, and immediately east of said crossing the defendant had erected and maintained near said crossing and along the side of said railroad track large stationary lumber docks upon which it kept lumber piled, etc., so as to obstruct the view of the railroad track, except for a short distance, from persons or travellers approaching the crossing for the purpose of going across said railroad track." The charge is then made that it was the duty of the defendant to give the statutory signals upon the approach of its engines and

trains to said crossing, and that by reason of the neglect of that duty on the part of the defendant, the plaintiff was ignorant of his danger, and drove upon the said crossing and sustained the injury for which he claims the right to recover damages of the defendant.

This count of the declaration also sets out very fully the situation and surroundings at the point and on the occasion of plaintiff's injury, and undertakes to show due care on his part in driving upon the railroad crossing, and that he was excusably ignorant of his danger because of the failure of the defendant to give the statutory signals upon the approach of its engine and car to the crossing, but it also alleges that the view of the railroad track was so obstructed that the plaintiff could not see the approaching engine and car, except for a short distance before the crossing was reached, yet he claims that before crossing the track he stopped, looked and listened for approaching train and could not see or hear any approaching.

Conceding for the purpose of this case, as considered on the demurrer to the declaration, that the railroad described by the plaintiff in his declaration was not simply a private lumber road, used by the defendant for its own purposes and on its own premises, but a commercial railroad or a railroad proper; that the road upon which the plaintiff was traveling when injured was a "public highway" in contemplation of law; and that it was incumbent on the defendant in running its engine and car that inflicted the injury to plaintiff to give the statutory signals as set out in the said count of his declaration, still it also appears from said count that the defendant's railroad track at said crossing was so obstructed by lumber piles and docks that the engine and car could not be seen by the plaintiff, except for a short distance as he approached the crossing where he was injured. While he alleges that he stopped, looked and listened, it is not made to appear that he exercised such care as is required at a crossing where the view is so obstructed; on the contrary, he states that his looking and listening for a

train or engine approaching the crossing of the road he was traveling was at a time and at a point where he could not be seen by the servants of the defendant operating the approaching engine and car, "by reason of the lumber docks and large and tall piles of lumber aforesaid."

This court has repeatedly held that the duty of looking and listening for approaching trains before crossing a railroad track must be discharged in a way to make looking or listening effectual. *Stokes* v. *Southern Ry. Co.,* 104 Va. 817, 52 S. E. 855; *Southern Ry. Co.* v. *Jones,* 106 Va. 412, 56 S. E. 155; *Roaonke Ry. Co.* v. *Carroll,* 112 Va. 598, 72 S. E. 125. See also *Kinter* v. *Penn. R. Co.,* 204 Pa. 497, 54 Atl. 276, 93 Am. St. Rep. 795; *Giberson's Admx.* v. *Bangor, &c. R. Co.,* 89 Me. 337, 36 Atl. 400; *Day's Admr.* v. *Boston & Maine R. Co.,* 96 Me. 207, 52 Atl. 771, 90 Am. St. Rep. 335. The cases are in accord with rulings of this court to the effect that the duty of looking for approaching trains before crossing a railroad must be discharged in a way to make looking effectual. In the last cited case the opinion of the court says: "A traveler upon a highway, as he approaches a railroad crossing, should use adequate means to ascertain whether a train be approaching from either direction. He should listen for the sound of trains on either hand, and look both ways along the track to see if trains be approaching. The greater the obstructions in the way of hearing or seeing approaching trains, the greater should be the efforts of the traveler."

In this case, the plaintiff, by his showing in averring the facts as to how and under what conditions he was injured by reason of the negligence of the defendant, and alleging due care on his part, plainly discloses that he could only have made looking effectual by getting out of the buggy, going to a point where he could have seen around the obstruction the approaching engine and car, and this precaution he admittedly did not take, whereby he negligently went upon the railroad track, the buggy in which he was riding was struck, and plaintiff's left

foot was so injured as to require the amputation of three of his toes. The inference necessarily to be drawn from the facts stated is that the plaintiff either did not look for approaching trains before going on the railroad track, at a point after passing the obstructions from which he could have seen, had he looked, the engine and car which struck the buggy in which he was riding, or upon passing the obstruction the approaching engine and car were seen and the occupants of the buggy recklessly undertook to cross the track before the car reached the crossing, in either of which events the contributory negligence of the plaintiff would bar his right of recovery in this action. As said in the opinion of the court in *Pelougis* v. *River Lumber Co.*, 86 Me. 315, 29 Atl. 1087, a traveller upon a highway intending to cross a railroad track must be mindful, must observe, look and listen, as he approaches close to the place of peril, the crossing, and an omission to take this ordinary precaution is, if unexplained, contributory negligence *per se*, as matter of law, and will bar an action for the injury resulting from a collision with a train on the crossing, even though the railroad company was negligent in the premises.

It was not necessary for the plaintiff to aver that he was exercising due care in going upon the railroad track; yet he does so, and the facts averred show clearly contributory negligence on his part concurring with that charged against the defendant and continuing up to the moment of the collision; and, therefore, he can have no recovery under the first count of his declaration; there being no averments which show that notwithstanding such contributory negligence the defendant might have avoided the injury by the exercise of ordinary care after it discovered, or ought to have discovered, the plaintiff's danger. The demurrer to the first count of the declaration should have been sustained. Authorities above cited; *Smith* v. *N. & P. Tr. Co.*, 109 Va. 453, 63 S. E. 1005; *Roanoke Ry. Co* v. *Carroll, supra.*

The second count contains the same allegations as to owner-

ship and use of said railroad, cars and engines, and as to the obstructions to the view of said track in approaching the public crossing where· plaintiff was injured, as set out in the first count, and then charges that · the defendant carelessly and wrongfully failed to keep a proper lookout upon said car, and that by reason of such failure of its alleged duty the plaintiff was injured.

· In view of the fact that plaintiff alleged that the view of the railroad track was so obstructed he could not see the approaching car and engine, by reason of the tall piles of lumber, etc., along the track, it is quite difficult to see how the defendant could be held liable for actionable negligence in failing to keep a lookout on the car and engine, for the defendant approaching the crossing, which car and engine plaintiff avers he could not see. If the plaintiff could not see the approaching car and engine until too late to avoid a collision with them on the crossing, clearly he could not have been seen or have been warned by the servants of the defendant in charge of and running the car and engine in time to have avoided the collision; so that the plaintiff here again discloses his own negligence contributing to the cause of his injury, concurring with that charged against the defendant and continuing up to the moment of the collision on the crossing of the car and engine with the buggy in which he was traveling. What has been said in considering the demurrer to the first count of the declaration applies with equal force to the second, and we are of opinion that the demurrer to that count should also have been sustained.

· The third count, after repeating the averments of the first and second counts as to defendant's ownership of certain timber lands in Grayson county, its ownership of a railroad, mills and lumber docks on its premises near said mills for the purpose of handling its lumber, railroad tracks being placed between said docks, alleges that the plaintiff, on the occasion of the injury to him for which he sues, could not see the car

and engine which struck him, except from a short space between the obstructions to his view and the crossing, and charges the defendant with the duty of using ordinary care and diligence to stop said car and engine after discovering plaintiff's peril on the crossing so as not to injure him, and further charges the defendant with failure to exercise such ordinary care in checking said car and engine before they collided with the plaintiff; but it is not charged that the accident could have been avoided by the defendant, by the exercise of the care and caution of stopping or checking said car and engine after the discovery of plaintiff's peril.

However much the defendant may have failed to discharge the duty imposed upon it as charged in this count of the declaration, upon well-settled principles of law such negligence is not actionable unless the performance of the duty neglected would have prevented the accident which resulted in plaintiff's injury. In this third count, as in the two preceding counts of his declaration, the plaintiff sets out the conditions at the crossing where he was injured and undertakes to show due care on his part in going upon the crossing by stating that he with his companion in a buggy drawn by one horse upon "approaching the crossing, as it was his duty to do, stopped the horse and buggy and looked and listened for approaching trains," etc., so as to avoid injury or hurt, but here he again discloses that the due care he claims to have exercised for his own safety was taken at a time and place from which he knew that his looking for approaching trains, engines or cars would be wholly unavailing, and he took no other precaution for his safety before going upon the railroad track, although, by his own showing, there was a space between the obtsructions to the view of the railroad track he describes and the track from which space he might have seen the approaching car and engine in time to have kept off the track and avoided a collision, which precaution he admittedly did not take, and which neglect of duty constituted negligence that necessarily concurred

with that charged against the defendant and continued to the moment of the accident to him on the crossing, whereby he is barred a recovery of damages for his injuries under this count of his declaration. Therefore, the demurrer to this count should also have been sustained. Authorities above cited.

The fourth count varies from the third in charging that the crossing was on a road on defendant's premises and used by it in its lumber operations and by the public generally without objection on the part of the defendant and with its knowledge, consent and approval, and alleges that the view of the railroad track was obstructed as set forth in the preceding counts, and that it was the duty of the defendant to exercise reasonable care and caution to prevent injury to persons on its right of way and the roadway at the crossing; and that it was also the duty of the defendant's servants, etc., upon sight of plaintiff in a dangerous position on said crossing, to exercise reasonable care and caution to stop or check said car and engine so as not to injure him, but it is not alleged in what way the defendant failed to exercise reasonable caution to prevent injury to persons on said crossing, though charging, as in the third count, that the defendant did not exercise reasonable care and caution to stop or check the car and engine after plaintiff was or ought to have been discovered to be in a place of danger "on said right of way and railroad track," and does not charge that the failure of the defendant to exercise such care and caution was the cause of the accident, or that the accident could have been avoided by the exercise of such care and caution after plaintiff was, or ought to have been, discovered in a position of danger. It had already been averred that the situation was such that the plaintiff could not have seen the approaching car and engine except from a short space between the obstruction to his view of the track and the track itself, and if this was true it was also true that those in charge of and running the engine and car could not see him until he had passed the obstructions, and when the horse drawing the buggy

in which he was traveling was necessarily upon the track, and when it was impossible to stop or check the engine and car in time to avoid a collision with the buggy on the crossing.

Plaintiff, by his own showing, was unmindful of what is of common knowledge, that railroad trains move much faster than the ordinary pace of a horse drawing a vehicle along the highway, and hence must not rest content with an observation made at a point from which he knew that he could not see a train approach the crossing of a highway he was traveling, especially if there are objects or circumstances to obstruct his vision or hearing at the more remote point. Authorities cited. He must not only exercise care to make the act of looking and listening effectual, but the care must be in proportion to the known danger, and if he fails to use these necessary precautions and injury to him ensues, he cannot recover, unless the defendant company, by the exercise of ordinary care and diligence, might have prevented the injury after it discovered his peril. Authorities cited, and *Washington, &c. R. Co.* v. *Lacey,* 94 Va. 460, 26 S. E. 834.

It appears clearly from the allegations of the fourth, and also from the allegations of each of the other counts of his declaration, that the plaintiff did not exercise due care for his own safety in attempting to cross over the railroad track, and thereby was guilty of negligence, which negligence continued down to the moment of the accident and contributed to the injury to him, whereby the case made is one of concurring negligence, and he can have no recovery.

In the circumstances and under the conditions prevailing at the place of the accident, related in the declaration, the negligence of the plaintiff, as well as that with which the defendant is charged, was continuous and practically instantaneous, covering only a short distance of space between the point at which the trainmen could see the plaintiff approaching the crossing and a still shorter distance from the point at which he could have seen the approaching car and engine had he looked; so that the doctrine of the "last clear chance," which

is invoked throughout the declaration, could have no sort of application to the facts of the case. That doctrine presupposes an appreciable difference in time between the earlier negligence of the plaintiff and the later negligence of the defendant, and it must appear that, in contemplation of the entire situation, after the danger of the plaintiff became known to the defendant, or ought to have been discovered by it by the exercise of ordinary care, it negligently failed to do something which it had a *clear chance* to do to avoid the accident. *Real Est. Co.* v. *Gwyn,* 113 Va. 337, 74 S. E. 208; *Roanoke Ry. Co.* v. *Carroll, supra; Smith* v. *N. & P. Tr. Co., supra.*

In this case it is a necessary conclusion from the facts alleged in the declaration and in each count thereof, that the plaintiff was guilty of contributory negligence, simultaneous and concurrent with that of the defendant, and continuing up to the moment of the accident to him, and that the defendant could not have, by the exercise of ordinary care and diligence, saved him from the result; and, therefore, he fails to make by his declaration a case entitling him to recover of the defendant damages for his injury.

It follows that this court is of opinion that the circuit court erred in overruling the demurrer of the defendant to plaintiff's declaration, and to each count thereof, and its judgment is reversed and annulled, the verdict of the jury set aside, and in view of the fact that the plaintiff was twice permitted to amend his original declaration and did so amend it, restating his cause of action in the light of the objections which had been urged to his original and first amended declaration, it is to be presumed that he has made the strongest presentation of his case which the facts permit, and that it could not be bettered if leave were given to again amend, this court, entering such judgment as the circuit court ought to have rendered, will sustain said demurrer and enter final judgment for the defendant. *C. & O. Ry. Co.* v. *Wills,* 111 Va. 32, 68 S. E. 395, 32 L. R. A. (N. S.) 280.

*Reversed.*