# Richmond

## John G. Wallace, III *v.* Mary E. Jones.

March 11, 1937.

Present, Campbell, C. J., and Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Rixey & Rixey*, C. C. *Sharp* and *A. M. Edwards*, for the plaintiff in error.

*Tom E. Gilman* and *James G. Martin & Son*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

This action was instituted in the court below to recover damages for personal injuries suffered by Mary E. Jones, who will be hereinafter referred to as the plaintiff, against the defendant, John G. Wallace, III. In the lower court there was a verdict and judgment of $3,500 in favor of the plaintiff, and it is to this judgment that the defendant assigns error.

There were two separate automobile collisions and in each the plaintiff was injured. They occurred on the night of January 6, 1935, in Norfolk county, on the George Washington Highway which leads from Portsmouth, Virginia, to South Mills, North Carolina. The plaintiff was a guest passenger in the car of one L. E. Sykes. This car, driven by L. E. Sykes, was proceeding north and the passengers in addition to the plaintiff were her daughter, son-in-law and grandson. The evidence showed that the night was very dark and there was a dense fog or mist. The defendant's car driven by himself, with George Campbell and Robert Campbell, passengers therein, was proceeding south.

The jury by their verdict have accepted the facts shown by the testimony of the plaintiff's witnesses. They are substantially as follows: The Wallace car was being driven at a rapid rate of speed. It was driven on the wrong side of the road and struck the Sykes car, which was proceeding slowly and pushed it to the left side of the road where it came to rest. The Wallace car ran on a distance of 100 yards from the place of the impact and went off the road on the left side and finally came to rest in a field. This will be referred to as the first collision.

The second collision occurred from five to fifteen minutes later. A car driven by Mr. Todd, going north, stopped on the right side of the road beside the Sykes car. Mr. Todd offered his assistance and consented to take Mr. Campbell,

one of the occupants of the Wallace car, to Wallaceton so he could get a wrecking truck to come for the car. The plaintiff, who testified that "I was hurt, my back was hurt" in the first collision, had been helped from the Sykes car by her daughter and son-in-law. The three of them were standing beside the Sykes car when a car driven by one Woodard in a southerly direction, struck the Todd car, which was then pulling out, glanced off and struck the plaintiff,—breaking her right leg in two places, fracturing her left knee and breaking the pelvic bone in two places. The car then crashed into the Sykes car.

There are seven assignments of error but in view of our ultimate conclusion it will not be necessary to discuss them specifically.

The first point, the decision of which will determine the case, is whether the negligence of Wallace, the defendant, which caused the first collision with the Sykes car was the proximate cause of the injuries received by the plaintiff resulting from the second collision between the Todd and Woodard cars. The trial court thought the question was one for the jury and submitted it to them under instructions.

The defendant maintains with great earnestness that the damages for the injuries suffered by the plaintiff as a result of the collision between the Woodard and Todd cars, as a matter of law, are not recoverable against him because the wrongful conduct which was responsible for that collision was entirely disconnected from, and bore no proximate relation to, the negligence of the defendant which brought about the initial or first collision. In other words, he maintains that the first collision, as a matter of law, was not the proximate cause of the second.

The application of legal rules controlling the proximate cause of an accident resulting in injury to the plaintiff must be governed by the special facts of each particular case and often a decision of the question depends upon nice distinctions. No definition of proximate cause is capable of furnishing a test for liability in every case.

The author in 22 R. C. L. at page 110, says: "Perhaps

the best and most widely quoted definition is the following: The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred."

To constitute actionable negligence, there must be causal connection by natural and unbroken sequence between the negligence complained of and the injury suffered. There must be an absence of intervening efficient cause or causes. It has been said many times that in law the immediate, and not the remote cause of an event is regarded. The law refers the injury to the proximate and not to the remote cause. No general rule for determining when causes are proximate and when remote has yet been formulated.

In 22 R. C. L. at page 120, it is said in part that, "it must appear that the injury was the natural and probable sequence of the negligence or the wrongful act, and that it was such as might, or ought to, have been foreseen in the light of attending circumstances."

Where there intervenes the independent act of a third party between the negligence of the defendant and the resulting injury, which is its immediate cause, no recovery can be sustained. Many Virginia cases could be referred to to sustain the foregoing principles but we will content ourselves with the following citations: *Virginia Railway & Power Co.* v. *Godsey*, 117 Va. 167, 83 S. E. 1072; *Allison* v. *Fredericksburg*, 112 Va. 243, 71 S. E. 525, 48 L. R. A. (N. S.) 93; *Chesapeake & O. Railway Company* v. *Wills*, 111 Va. 32, 68 S. E. 395, 32 L. R. A. (N. S.) 280; *Davis* v. *Ellis*, 146 Va. 366, 126 S. E. 658, 131 S. E. 815; *Winfree* v. *Jones*, 104 Va. 39, 51 S. E. 153, 1 L. R. A. (N. S.) 201.

Mr. Justice Holt, in *Wyatt* v. *Chesapeake & Potomac Telephone Company*, 158 Va. 470, 163 S. E. 370, 373, 82 A. L. R. 386, said: "The substance of it all, stated and restated in various ways, is that negligence carries with it liability for consequences which, in the light of attendant circumstances, could reasonably have been anticipated by a prudent man, but not for casualties which, though possible, were

wholly improbable. One is not charged with foreseeing that which could not be expected to happen."

The defendant generally is not charged with the duty of anticipating an independent act of negligence by a third party, but if the first act of negligence is continuous in its operation up to the time of the beginning of the second act, then for the purpose of fixing the defendant's liability the two acts will be treated as contemporaneous. 22 R. C. L., page 138.

In *Kaylor* v. *Quality Bread & Cake Co.*, 155 Va. 156, 154 S. E. 572, 574, Mr. Justice Epes, speaking for the court, said: "Proximity of time in such cases is of no importance excepting so far as it may afford evidence for or against proximity of causation; and under the facts plead in this case the act of undertaking to separate these two cars was as separate and independent of the collision itself as if the cars had been left there untouched until some hours or even days afterwards. Under the facts alleged in the notice the collision caused by Minton's negligence was merely the condition or occasion offering opportunity for other events to produce the injury. Neither the acts of negligence which caused the collision, nor the collision itself, can properly be said to have been the proximate cause of the personal injury to Kaylor."

It was also held in that case that the probable consequences of the negligent act which caused the collision of the cars had ended before the subsequent attempt was made to separate them, in which attempt the plaintiff received his injury.

The application of the foregoing rules to the facts of the instant case will inevitably lead to a reversal of the judgment of the court below. The facts here afford a perfect illustration of a case of the intervention of wholly independent and efficient causes entirely disconnected from the act of negligence relied upon.

A reference to the evidence discloses that the following events transpired after the first collision and before the second: Mr. Todd drove his car to a point opposite the Sykes car and partially obstructed the vision of Woodard who was

approaching. No lights were burning on the Sykes car. The occupants of this car had gotten out and the plaintiff being assisted by her daughter and son-in-law was standing or walking with them in the road, in the intervening space between the Todd and Sykes cars. Woodard, who did not see the Sykes car until he was very close to it on account of the glare from the headlights of the Todd car, tried "to slip between the cars" and in doing so, struck the Todd car and the plaintiff.

There could be no causal connection between the negligence of Wallace, the defendant, and the injuries sustained by the plaintiff from the second collision, when there existed the intervening efficient causes shown by the evidence. The negligence of the defendant and the injuries so received by the plaintiff are entirely separated and the chain of causation interrupted by the several intervening events. Those events constituted new, efficient and independent causes which superseded the original act of negligence of the defendant.

Ordinarily, what is the proximate cause of an injury is for the jury and not for the court to determine, but when the facts are not disputed and are susceptible of but one inference, the question is one of law. In the case at bar the overwhelming evidence so clearly shows that the negligence of the defendant was the remote cause, if any cause at all, of the injuries the plaintiff received in the second collision, that we hold as a matter of law it was not the proximate cause of those injuries. It follows that the trial court erroneously submitted the question to the jury.

Before the trial of the case in the court below the defendant asked that a bill of particulars be furnished specifying separately and in detail the injuries received by the plaintiff in each collision. The court refused to require it. We think this information should have been furnished. The evidence discloses that the plaintiff did receive injuries in the first collision, which from the verdict of the jury, were caused by the negligence of the defendant. The extent of those injuries has not been disclosed. We are of opinion that

the case should be remanded to the court below for the sole purpose of ascertaining the extent of the injuries suffered by the plaintiff in the first collision and assessing damages against the defendant therefor. For this single purpose a jury should be impaneled to determine and fix the damages.

*Reversed and remanded.*