## Richmond

Thalhimer Brothers, Incorporated v. Inez James Buckner.

June 8, 1953.

Record No. 4079.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Moncure & Cabell,* for plaintiff in error.

*Robert Lewis Young, Leith S. Bremner, Chas. H. Wilson,* for defendant in error.

Buchanan, J., delivered the opinion of the court.

Mrs. Buckner brought this action against Thalhimer Brothers, Incorporated, to recover damages for injury sustained

by her in the tearoom operated by the defendant in its department store in Richmond, where she had gone with a friend to have lunch. A jury returned a verdict in her favor for $1,800 on which the court entered judgment. On this appeal the defendant contends that she was not entitled to recover because the evidence did not disclose any negligence on its part but showed instead that the accident was due to the plaintiff's negligence. The plaintiff assigned cross-error claiming that she should have recovered more.

The evidence, with such conflicts as developed having been settled by the verdict in favor of the plaintiff, made this case:

The plaintiff, 67 years old, acompanied by her guest, arrived at the tearoom between 12:30 and 1:30 p.m. There was not a very large crowd there at the time. The hostess or dining room supervisor met them, led them to tables and seated them.

The design and arrangement of these tables are shown by photographs in evidence and one of the tables was before us in the argument. They are individual tables arranged in a row, with square or rectangular tops. Customers sit behind them on a long bench or couch against the wall. The tables are of metal and each weighs 25 pounds 3 ounces. Each has four legs joined to the top of the table at its four corners. The two legs at each end curve slightly toward each other and then out again, but no part of any leg projects past a straight line from the corner to the floor. The food is brought out in dishes and placed on a tray which sits between rubber knobs attached to the four corners of the table. The tables are ordinarily placed about nine inches apart but the customers move them closer together or farther apart as they desire. Plaintiff's friend was seated on her right, two of her witnesses immediately to her left, and the tables at which these four were seated were then close together. The floor of the dining room is carpeted.

In order to seat people behind the tables the hostess or waitress customarily pulls the table out and then pushes it back when the customer is seated, as was done in this instance. Usually the customers move the tables out when they are ready to leave, but this is done for them by the hostess or waitress on request. The plaintiff did not remember that she had ever moved one before.

The tables at which the plaintiff and her friend were seated had soiled dishes on them. After they had been seated

for sometime without being served, the plaintiff's friend looked at her watch and remarked, "We have been here about twenty minutes." The plaintiff tried to attract the attention of a hostess or a waitress but was unable to do so. She thereupon got up, pushed the table out, which she said was difficult for her to do, turned to her right, caught her foot on the left back leg of the table, fell and broke her hip. As a result she has a permanent disability, has suffered severely and incurred expenses in excess of $1,200.

But whether the defendant is to be held responsible for plaintiff's injury depends on whether, on the facts stated and others to be stated, it was guilty of negligence which was the sole proximate cause of the accident. The jury has decided the issues for the plaintiff and its verdict has been approved by the trial court, but if the judgment is plainly wrong or without evidence to support it, it is our duty to set it aside. Code, 1950, § 8-491; *Esso Standard Oil Co.* v. *Stewart,* 190 Va. 949, 951, 59 S. E. 2d 67.

"Insufficient evidence is, in legal contemplation, no evidence. If there is no evidence that ought reasonably to satisfy a jury that the fact sought to be proved is established, then no jury question is presented. * * * Whether there is sufficient proof to sustain the claim of the party upon whom the burden of proof rests is a law question." *Acme Markets* v. *Remschel,* 181 Va. 171, 178-9, 24 S. E. 2d 430, 434.

Plaintiff was an invitee of the defendant. The defendant was not an insurer of her safety but owed her the duty to exercise ordinary care to see that its premises and equipment were in a reasonably safe condition for her use in the manner and to the extent that it invited their use. *Pettyjohn & Sons* v. *Basham,* 126 Va. 72, 78, 100 S. E. 813, 815; *Virginia, etc., Co.* v. *Perkey's Adm'r,* 143 Va. 168, 179, 130 S. E. 403, 406; *Knight* v. *Moore,* 179 Va. 139, 145-6, 18 S. E. 2d 266, 269; *Acme Markets* v. *Remschel, supra,* 181 Va. at pp. 176-7, 24 S. E. 2d at p. 433.

We can see no indication of any negligence in the design of the table furnished to the plaintiff for her use. There is no contradiction of defendant's evidence that it is the "same type of table with maybe a few modifications, but still having the four legs and the same type of top, that is used in various stores throughout the country," the same type as used in the large department stores in Washington, New York and Boston. The

evidence indicates nothing in the design of the table that suggests any danger in using it. There is nothing in the evidence or in the appearance of the table to suggest the probability that it would cause anybody to fall any more than any other table with legs. Nor could there be any danger in the way the tables were arranged unless it came from careless handling.

Plaintiff was asked, "If you had pushed the table a little bit further, you would not have fallen, would you?" She answered, "I don't know. You see, the legs of these spread out so—(indicating on table)." Actually they do not spread out beyond the corners of the table and if the leg she tripped over had been perfectly straight she could just as readily have caught her foot by moving the table as she did and stepping as she did.

The owner of premises ought not to be held accountable for the negligent or wrongful use by his invitee of appliances which are safe and harmless if used for the purpose and in the way intended, unless he should reasonably have anticipated the improper use.

An accident which is not reasonably to be foreseen by a man in the exercise of ordinary caution and prudence may not be made the ground of a negligence action. *Stephens* v. *Virginia E. & P. Co.,* 184 Va. 94, 99, 34 S. E. 2d 374, 377.

In order to hold the owner of premises liable for an injury occurring thereon, "it must have been the natural and probable result of the condition of the premises, and one which under the circumstances he ought reasonably to have foreseen might probably occur." *Hargrave* v. *Shaw Land Co.,* 111 Va. 84, 88, 68 S. E. 278, 279.

"If an occurrence is one that could not reasonably have been expected the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence." *Dennis* v. *Oden'Hal-Monks Corp.,* 182 Va. 77, 80, 28 S. E. 2d 4, 5. See also *Newport News, etc., Elec. Co.* v. *Clark,* 105 Va. 205, 52 S. E. 1010, 115 Am. St. Rep. 868, 6 L.R.A. (N.S.) 905; *Virginia Iron, etc., Co.* v. *Hughes,* 118 Va. 731, 88 S. E. 88; *Cleveland* v. *Danville, etc., Co.,* 179 Va. 256, 18 S. E. 2d 913; *Southern Ry. Co.* v. *Bell,* (4 Cir.), 114 F. 2d 341.

Mrs. Buckner testified that she had been in the tearoom "quite a few times," and was thoroughly familiar with it. She was "a little embarrassed," she said, at the delay in being served and felt they had waited long enough. Her friend said they were

getting annoyed. Although she did not remember that she had ever moved one of the tables before, she undertook to move it this time, and in her embarrassment or impatience she moved it "just enough so that I could get through," "far enough for me to go sideways through and I caught this foot." She was asked why, if she was able to move it that far, she did not move it farther. She replied: "I suppose I did not see any use to move it again because I could get through there."

It thus appears that in order to end a delay which was distasteful to her, but not otherwise harmful, the plaintiff took charge of the table, ordinarily a safe applicance, moved it as far as she thought necessary, but either because she did not move it far enough or because she did not exercise proper care in walking by it, she caught her foot on the table leg and fell. It is difficult to see how any reasonable care or foresight with respect to the type or arrangement of the tables could have prevented such a result, whether the plaintiff's movements were occasioned by a telephone call immediately after she sat down or by a desire to be served more promptly.

 The evidence does not show that the delay in serving was a wrongful act, either a breach of contract or a tort. At most it constituted an inconvenience, and the plaintiff's attempt to get rid of it lacked the elements essential to cast liability on the defendant. "If an inconvenience is so great that it is reasonable to get rid of it by an act not obviously dangerous, and executed without carelessness, the person causing the inconvenience by his negligence will be liable for any injury that may result from an attempt so to avoid such inconvenience." 1 Thompson, Commentaries on the Law of Negligence, §200, p. 196.

 Even if it be assumed that the delay amounted to negligence, it still was not the sole proximate cause of the plaintiff's injury.

To constitute actionable negligence there must be causal connection by natural and unbroken sequence between the negligence complained of and the injury suffered. *Wallace* v. *Jones,* 168 Va. 38, 42, 190 S. E. 82, 84. It must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of attending circumstances. *Ches. & O. R. Co.* v. *Wills,* 111 Va. 32, 35, 68 S. E. 395, 396; *Imperial Co.* v. *Trotman,* 111 Va. 91, 68 S. E. 252; *Spence* v. *American Oil Co.,* 171 Va. 62, 197 S. E. 468; *Wyatt*

v. *Telephone Co.*, 158 Va. 470, 163 S. E. 370; *Hair* v. *City of Lynchburg*, 165 Va. 78, 181 S. E. 285; *Corbett* v. *Clarke*, 187 Va. 222, 46 S. E. 2d 327.

While the question of proximate cause is ordinarily for the jury, yet if it be here assumed that the defendant was negligent in any manner, which has not been proved, the evidence, as was said of the evidence in *Wallace* v. *Jones, supra*, so clearly shows that such negligence was not the proximate cause of the plaintiff's injury that we so hold as a matter of law.

The case of *Walgreen-Texas Co.* v. *Shivers*, 137 Tex. 493, 154 S. W. 2d 625, relied on by the plaintiff, was decided on facts different from those in the present case. Cases of this kind necessarily are to be decided on their own facts. *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499; *Scott* v. *Simms*, 188 Va. 808, 51 S. E. 2d 250.

Since we hold that the plaintiff is not entitled to recover, it is not necessary to notice defendant's assignments on instructions.

The judgment below is reversed and final judgment entered for the defendant.

*Reversed and final judgment.*