# Richmond.

## CLARK v. FEHLHABER.

### March 27, 1907.

1. NEGLIGENCE—*Safe· Premises—Injury to Visitors.*—It is the duty of the owner of premises to keep them in a reasonably safe condition for those who may enter thereon by his invitation, express or implied. He is not an insurer of their safety, and in order to hold him liable for an injury occurring on the premises it must have been the natural and probable result of the condition of the premises, and one which, under the circumstances, he ought reasonably to have foreseen might probably occur.

2. NEGLIGENCE—*Proximate Cause—Concurrent Negligence of Plaintiff and Defendant—Case at Bar—Unsafe Premises.*—If the proximate cause of an injury was the negligence of the plaintiff and of the defendant concurring and co-operating together, the plaintiff is not entitled to recover. In the case at bar the plaintiff lawfully entered the rear vestibule of the defendant's house, and not knowing which of several doors to enter, "knocked" on one of them and defendant responded "come in," when the plaintiff opened the door and started in, but fell down a flight of steps into a cellar, causing the injury complained of. Plaintiff thought she was knocking on a door which would afford entrance to the house, and defendant also thought that plaintiff was knocking on the right door.

   *Held:* The accident was manifestly the result of a misapprehension on part of both plaintiff and defendant, and to which both innocently contributed, and the plaintiff cannot recover.

Error to a judgment of the Circuit Court of Elizabeth City county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*S. Gordon Cumming* and *S. J. Dudley,* for the plaintiff in error.

*Ashby & Read,* for the defendant in error.

WHITTLE, J., delivered the opinion of the Court.

The defendant in error was the plaintiff in the lower court and brought an action against the plaintiff in error to recover damages for personal injuries sustained by the plaintiff in falling down a flight of steps leading into a cellar under the dwelling house of the defendant.

There was a demurrer to the declaration, which the court overruled, whereupon the defendant pleaded not guilty, and upon trial of that issue, a jury having been waived, the court assessed the plaintiff's damages at $750, and rendered judgment accordingly. To that judgment the defendant brings error.

The gravamen of the declaration is: That the plaintiff conducted a dress-making establishment in the town of Phoebus; that the wife of the defendant became a customer of the plaintiff and engaged her services to do certain work at her shop; that in connection with that employment it became necessary for the plaintiff to call at the residence of the defendant; that though there is a front entrance to the defendant's premises, it is customary for a person, going there on a mission such as the plaintiff's, to enter by the side or back entrance; that this is expected, and the premises are so arranged as to give visitors notice of that fact; that on the evening of the accident "about nighttime," the plaintiff approached the defendant's dwelling by the route indicated, and entered an open vestibule or hallway in the building and observing several doors opening on the vestibule, which seemed to lead into the house, but not knowing through which door she was expected to enter, plaintiff "knocked upon one of the said doors, which she took to be the

right one and which led conspicuously off of the said open entrance; and thereupon the defendant from the inside of the house, without attempting to ascertain where the plaintiff was so knocking, instructed her to 'come in'; and that the plaintiff acting wholly upon such invitation, and reasonably believing that she was knocking at a door which led into the said house, attempted to go through the said door, when she was suddenly precipitated forward, headlong down a steep flight of stairs" into a cellar, of the existence of which she was ignorant, and sustained the injuries on which her action is founded.

If we assume, as we must assume on demurrer to the declaration, that the plaintiff went upon the premises of the defendant lawfully and by implied invitation, inasmuch as her errand concerned the business of the defendant's wife, the law is well settled that it was the duty of the defendant to exercise ordinary care to have the premises in reasonably safe condition for the visit. Cooley on Torts, 718; Shear. & Red. on Neg. (3d Ed)., section 499 (a); Beach on Cont. Neg. (3d Ed.), 79, 80; R. & M. Ry. Co. v. Morris' Admr., 94 Va. 493, 27 S. E. 70, 37 L. R. A. 258.

But the defendant was in no sense the insurer of the safety of the plaintiff; and all she was entitled to demand or expect was that, while exercising reasonable care for her own safety, the defendant would likewise use ordinary care not to expose her to danger. Ordinary care, then, in this instance, was the measure of the defendant's duty to the plaintiff, and the law imposed no higher degree of responsibility upon him.

There is no rule of law which denies to the defendant the right to have a cellar under his residence; nor was there any such defect in connection with the location or construction of the entrance to the cellar in question as would fix upon the defendant want of ordinary care with respect to it. The opening was guarded by a closed door, and in the exercise of ordinary care the defendant could not have anticipated that a person unacquainted with the locality and casually visiting the

premises, would open a closed door in the dark and precipitate herself down the cellar steps, nor can he be responsible for such mischance. *Kaiser* v. *Hirth,* 46 Howard's Pr. (N. Y.), page 161. To hold the defendant liable the injury must have been the natural and probable result of his conduct, and one which, in the light of surrounding circumstances, he ought reasonably to have foreseen might probably occur. *Simmons* v. *McConnell,* 86 Va. 494, 10 S. E. 838; *R. & D. R. Co.* v. *Yeamans,* 90 Va. 752, 19 S. E. 787.

Nor is the pretension of the plaintiff strengthened by the fact that the defendant, while in another room entering on the vestibule, in response to her knock, bade her enter. His invitation was not for the plaintiff to enter the cellar, but the room in which he was.

The accident was manifestly the result of a misapprehension on the part of both plaintiff and defendant, and to which both innocently contributed—the defendant by failing to accurately locate the source of the plaintiff's rap, and the plaintiff to correctly determine whence the responsive invitation to enter proceeded. In other words, the injury was proximately occasioned by mutual misunderstanding, responsibility for which, if anybody was in fault, attached to both alike. In such case the law cannot undertake to apportion the blame, but must leave the parties where it finds them.

The rule is thus stated: "If the proximate cause of an injury was negligence of both plaintiff and defendant concurring and co-operating together, plaintiff is not entitled to recover." *Richmond Traction Co.* v. *Martin's Admr.,* 102 Va. 209, 45 S. E. 886; *Richmond P. & P. Co.* v. *Gordon,* 102 Va. 498, 46 S. E. 772.

In the case of *Newport News, &c., Elec. Co.* v. *Clark,* 105 Va. 205, 52 S. E. 1010, the following quotation is made from the decision of Judge Cooley in *Sjogren* v. *Hall,* 53 Mich. 274, 18 N. W. 812: "The fact that it (the accident) was avoidable does not prove that there was fault in not anticipating and

providing against it.   If a farm laborer falls from the hay mow, the fall does not demonstrate that the farmer was culpable for not railing the mow in.   A man stumbling in a blacksmith shop might have his hand or even his head thrown under the trip hammer, but it would not follow that there had been any neglect of duty on the part of the blacksmith in leaving the hammer exposed.   So far as there is a duty resting upon the proprietor in any of these cases it is a duty to guard against probable dangers, and it does not go to the extent of requiring him to render accidental injury impossible   .   .   .   If the fact that prevention was possible is to render the employer liable, then he may as well be made an insurer of the safety of those in his service in express terms, for to all intents and purposes he would in law be insurer, whether nominally so or not."

The cases of *Hilsenback* v. *Guhring,* 131 N. Y. 674, 30 N. E. 580, and *Ryerson* v. *Bathgate,* 67 N. J. Law. 337, 51 Atl. 708, 57 L. R. A. 307, are very much in point.   In the former case Guhring, who was the guest of Hilsenbeck at his home in the city of Brooklyn, descended from the upper floor of the dwelling, where the defendant and his wife resided, to the first floor to make use of the water-closet.   "The stairs terminated in a hall, in which the water-closet was located.   The hall at the time was dark, receiving no other light than came from a window over the street door; and, as the day was dark, this was insufficient to clear the darkness from the hall.   There were three doors in the hall—one leading into the saloon, the next to the basement, and the third to the water-closet."   The basement door was partially open, and the plaintiff, supposing that to be the door of the water-closet, passed through it and fell down the stairs into the basement below, breaking his leg.   A gas jet was maintained in the hall, but was not at the time lighted.   All the judges present concurred in the opinion that there could be no recovery.

In the second case, the plaintiff, Mrs. Ryerson, went upon the defendants' premises at their request to deliver a domestic

cat which she had given them. For that purpose she made two visits to the defendants. As the plaintiff arrived the first time the cat jumped from her arms and ran home. A few days later she returned, and, on entering the establishment, she told one of the proprietors that he must put the cat in a closet, or else she would run away again; whereupon he walked to the opposite side of the room, opened a door, and said: "Put her in here." Plaintiff supposed it to be a closet, as she had requested him to put the cat in a closet, and the door being only partially opened, she ran in with the cat in her arms. It was scratching her, and she stooped to put it down and fell down a flight of stairs leading to the cellar and was injured. She did not see beyond the door, "partly because it was dark there, and partly because a butcher's frock was hanging on the door." The court in part observed: "The plaintiff's injury did not result from any defect in the doorway, or in the staircase. So far as the case shows there was no such defect. She was injured because she inferred that the doorway led to a closet, and thereupon attempted to enter without taking observations herself or making further inquiries. Was she justified in doing so? The case presents an instance of express invitation. In order to discover its extent, the words used by Silvernail are to be considered with reference solely to the plaintiff's expressed purpose and the act which accompanied his response. She said to Silvernail, 'You must put her (the cat) in a closet, or she will run away again.' He said, 'You put her in here,' and partially opened the door. This amounted to a declination of her request that he should take the cat and put it in a closet. It did not even amount to a representation that the place indicated was a closet, in the ordinary acceptation of that term. By what he said and did he merely represented that the door opened into a place which, when the door was promptly closed again, would securely detain the cat. She had expressed no purpose to enter with the cat." *Held:* Plaintiff could not recover.

We are of opinion that the law, on the demurrer to the

declaration, is with the defendant, and that it ought to have been sustained.

The judgment must, therefore, be reversed; and this court will make such order as the Circuit Court ought to have made, sustaining the demurrer and dismissing the case.

*Reversed.*