## Staunton.

## BAKER AND OTHERS v. BUTTERWORTH.

September 11, 1916.

Absent, Sims, J.*

1. PLEADING—*Contributory Negligence—Demurrer.*—While the plaintiff need not, in his declaration, negative contributory negligence on his part, yet if the facts alleged show it, the declaration is bad on a demurrer thereto.

2. INNKEEPERS—*Dark Halls—Injury to Guest—Contributory Negligence—Pleading.*—In the absence of a request for and refusal of lights in the hall-way of a hotel, or of some condition absolving a guest from making such a request, or justifying the use of the hall while it is in utter darkness, the hotel keeper is not liable for injuries received by a guest through falling down steps while groping his way through a dark and unlighted passageway in the hotel, and a declaration stating such a case is bad on demurrer, as it shows such contributory negligence on the part of the plaintiff as bars a recovery. A statement in the declaration that the plaintiff was proceeding "carefully and cautiously" is a mere conclusion of law.

3. APPEAL AND ERROR—*Reversing Ruling on Demurrer—Dismissal of Case.*—Where the trial court erred in overruling a demurrer to the declaration, and there was a trial and judgment for the plaintiff, this court will reverse the judgment of the trial court, set aside the verdict of the jury, and enter an order sustaining the demurrer, and dismissing the case.

Error to a judgment of the Circuit Court of Norfolk county in an action of trespass on the case. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

---

* Case submitted before Judge Sims took his seat.

*Starke, Venable & Starke, R. E. Miller* and *J. Edward Cole,* for the plaintiffs in error.

*A. B. Carney,* for the defendant in error.

CARDWELL, P., delivered the opinion of the court.

This action was brought by Cecelia Gertrude Butterworth against C. A. and George B. Baker to recover damages for personal injuries alleged to have been sustained by reason of the defendants' negligence. There was a verdict and judgment in favor of the plaintiff for $1,000, to which judgment this writ of error was awarded the defendants.

The declaration contained but one count, to which the defendants demurred upon two grounds, stated in writing, and the action of the court in overruling the demurrer is made the basis of the first assignment of error here.

Omitting its formal parts, the declaration alleges that defendants owned a certain building at Willoughby Beach, Norfolk county, Va., wherein they conducted the business of hotel keeping, and that the plaintiff was a guest at defendants said hotel, having been assigned to a certain room located on a hall on the second floor, in which hall there was no light, and there was a narrow back stairway coming up into said hall; that she was assigned to her said room at the hour of eight o'clock p. m. on the day and year mentioned; that she went to her said room on the second floor later, to-wit, at the hour of eleven o'clock in the night time; that following the written instructions which had been placed in the said room . . by the defendants for the benefit of the hotel guests as to the location of the bath room, the plaintiff left her said

room for the purpose of finding said bath room (she being thereto impelled by nature) and did carefully and cautiously direct her way through the said hall, which was without lights and was completely dark, and fell headlong down and into the narrow back stairway aforesaid.

The charge of negligence on the part of the defendants is: "The plaintiff charges that the said defendants . . . wrongfully, carelessly and negligently failed to provide a light in the said hall, and did wrongfully, carelessly and negligently keep and maintain said hall in utter darkness . . . and wrongfully, carelessly and negligently failed to exercise reasonable care to give any warning of the existence of the said stairway, or to exercise any precaution whatsoever for the benefit of persons, including the plaintiff, who might be injured by reason of the back stairway and the hall into which it came up being negligently, wrongfully and carelessly kept in utter darkness."

The grounds of the demurrer are, first, that the declaration discloses that the injuries sustained by the plaintiff were not proximately caused by any negligence of the defendants; and, second, that the declaration discloses on its face that the plaintiff was guilty of such contributory negligence as to bar a recovery for her alleged injuries.

Conceding that the declaration sets forth facts which, if proven, would be sufficient to sustain the charge of negligence on the part of the defendants, still the demurrer to the declaration should have been sustained if the declaration, on its face, discloses that the plaintiff was guilty of negligence which contributed proximately to the cause of her injuries, since the negligence of the defendants would not excuse the non-performance of the plaintiff's reciprocal duty of exercising

ordinary care for her own safety. While a plaintiff need not negative contributory negligence, yet if the facts stated show it, the pleading, on a demurrer thereto, is bad. *U. S. Lumber Co.* v. *Shumate,* 118 Va. 471, 87 S. E. 723.

It is. true plaintiff alleges that she was proceeding "carefully and cautiously" in making her way from her room in search of the toilet in the rear of the hall, but this is but a conclusion of law, since she pleaded no facts that would have justified her use of the hall under the conditions set out. Her declaration affirmatively shows that she attempted to walk through the hall which was "completely" and "in utter darkness."

In *Dailey* v. *Distler,* 115 App. Div. 102, 100 N. Y. Supp. 679, the facts were very similar to the facts alleged in the case at bar, and it was there held that an innkeeper is not liable for injuries received by a guest through falling down steps while groping his way through a dark and unlighted passageway in the hotel.

In *Sneed* v. *Morehead,* 70 Miss. 690, 15 South. 235, the action was also against an innkeeper for injuries received by the plaintiff while defendant's guest, and the declaration alleged that access to plaintiff's room in defendants' inn was had by a gallery five or six feet high; that said gallery had no lights burning in it; that plaintiff, before going to supper on the night of the injury, fastened back the door of her room, and so placed a lamp as to guide her return; that while at supper defendants' servant closed the door, thus shutting off the light; and that as plaintiff returned she fell from the gallery and was injured. *Held,* not to state a cause of action. See also *Brugher* v. *Buchtenkirch,* 167 N. Y. 153, 60 N. E. 420, where the accident sued for occurred in an apartment house. *Hilsenbeck*

v. *Guhring*, 131 N. Y. 674, 30 N. E. 580; *Gaffney* v. *Brown*, 150 Mass. 479, 23 N. E. 283.

An analogous case in point is *Piper* v. *N. Y. C. & H. R. R. Co.* 156 N. Y. 24, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560, where the plaintiff was a passenger in a sleeping car, and he walked out of the vestibule door instead of through the toilet door, while groping in the dark; and the view taken by the court of the case was that while the duty of the railroad company to furnish the plaintiff light and attendance was certainly as great as that of a hotel keeper to his guest—"the utmost degree of care and skill which human prudence and foresight can suggest"—yet his groping in the dark was contributory negligence and barred a recovery for his injury.

The cases cited by counsel for the plaintiff were decided upon a state of facts materially different from the facts alleged in the declaration in this case, and are not convincing that "the better doctrine is, as to hotel guests, where the innkeeper provides no light in the hall, the guest has the right to presume that the hall is safe and that there are no pitfalls, open stairways and other dangerous places." The cases cited above are, we think, founded upon better reasoning as to the law applicable to such cases.

The allegation in the declaration that plaintiff was especially directed by the placard posted in her room to use the hallway in order to get to the toilet room, is not sufficient to justify her in attempting to do so under the conditions set out. No request and refusal of light is alleged nor does there appear any condition absolving the plaintiff from making such a request. No charge is made of negligence in the construction and location of the stairway down which plaintiff fell, even if that fact were pertinent, nor that a rear

stairway is unusual in such a building.    In the absence of a request and refusal of lights, or some condition absolving the plaintiff from making such a request, or justifying her use of the hall in "complete" and "utter darkness," the declaration plainly shows a total disregard of her duty to exercise ordinary care for her own safety, which constitutes contributory negligence on her part, and she cannot recover for her injury.    Authorities above cited.

It follows that we are of opinion that the law, on the demurrer to the declaration, is with the defendants, and that it ought to have been sustained.

The judgment complained of must, therefore, be reversed and annulled, the verdict of the jury set aside, and this court, entering the judgment that the circuit court ought to have entered, will sustain the demurrer and dismiss the case.    *Clark* v. *Fehlhaber*, 106 Va. 805, 56 S. E. 817, 13 L. R. A. (N. S.) 442; *C. &. O. Ry Co.* v. *Wills*, 111 Va. 32, 68 S. E. 395, 32 L. R. A. (N. S.) 280; *U. S. Spruce Lumber Co.* v. *Shumate, supra.*

*Reversed.*