# Wytheville

## V. C. SMITH v. WILEY-HALL MOTORS, INC.

June 6, 1945.

Record No. 2916.

Present, All the Justices.

The opinion states the case.

*T. W. Messick* and *Earl A. Fitzpatrick*, for the plaintiff in error.

*James I. Moyer* and *Kime & Hoback*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Mr. V. C. Smith, the plaintiff in error, a member of the General Assembly of Virginia, was traveling by automobile on the night of October 12, 1942, from Richmond to his home in Grundy, Virginia. En route he arrived at Salem, Virginia, at 12:30 A. M. With him were his son, Harold Smith, and his nephew, Jack Mundy, who was driving. They drove to the front of the filling station of the defendant in error for the purpose of purchasing gasoline. The

outside lights were on, apprizing the public that the place was a filling station and garage. There was only one person in attendance and he was told to fill the tank and he went to the rear of the automobile where it was located to perform this service. The plaintiff alighted from the rear seat of the car just a short distance from where the attendant was and went into the reception room in quest of a toilet. He made no inquiry as to where this facility was located, in fact, he said nothing to the attendant, whom he had passed close by. He saw a door to his right which he opened and by which he passed through. It was dark in the room which he had entered. He felt along a wall in an effort to find a light switch. He saw a dim light which appeared to be far off. He could not discern any object in the room. He made a step forward when he stumbled against something and fell into a grease pit and was injured. It was the grease pit room that he had gotten into. At the time he opened and entered by the door his son was getting a coca-cola in the reception room. He said nothing to him. He asked no questions of anyone. He seemed to have no thought of precaution but assumed that he was going where he wanted to be. There was no lettering or sign upon the door which he opened.

He instituted suit against the filling station company claiming damages on account of the injuries suffered. The fall into the grease pit rendered him unconscious. He knew nothing of the subsequent incidents. His injuries were quite serious.

The jury rendered a verdict for the defendant which was sustained by the court. The plaintiff brings error based upon the contention that he was an invitee and that the defendant maintained a dangerous situation—a trap—in the premises, of which there was no warning; that the door to this place was one likely to be that leading to a toilet; that the location of the door was the usual one in filling stations affording such a facility, and that it was the duty of the company to warn the public and particularly an invitee, of the hidden and concealed danger.

■ We think that the case is without merit on the facts presented. The statement is justified that the plaintiff, with no thought for himself, heedlessly and blindly, walked into a place where he had no right to be. The slightest thought of care and prudence would have suggested that he make some inquiry as to where the place was to which he needed to go. When he opened the door of the grease pit room and found it dark, reason would seem to have suggested that he was in the wrong place, and that prudence would dictate retracing his steps. He was obviously guilty of negligence which was the sole cause of the accident and the court might properly have sustained the defendant's motion to strike the plaintiff's evidence.

The plaintiff's assignments allege error in the court's refusal to grant instruction No. 5, as offered, and granting it as amended.

■ As indicated, we do not think the plaintiff was entitled to any instruction but if this were not so, he waived his right to object to the instruction by not submitting a timely and proper exception to it. He is bound by the statement of his counsel, "I think that unquestionably instruction No. 5 is right with the amendment that your honor has placed on it". The plaintiff cited four cases, which have been decided by this court, as authority for his position. It seems sufficient to say that the facts of all of these cases clearly distinguish them from the case in judgment. *Eastern Shore, etc., Ass'n* v. *LeCato,* 151 Va. 614, 144 S. E. 713; *Raylass Chain Stores* v. *DeJarnette,* 163 Va. 938, 178 S. E. 34; *Knight* v. *Moore,* 179 Va. 139, 18 S. E. (2d) 266; *Acme Markets* v. *Remschel,* 181 Va. 171, 24 S. E. (2d) 430.

Cases sustaining the position we announce are *Baker* v. *Butterworth,* 119 Va. 402, 89 S. E. 849, L. R. A. 1916F, 1287; *Clark* v. *Fehlhaber,* 106 Va. 803, 56 S. E. 817, 13 L. R. A. (N. S.) 442.

■ The contention that the plaintiff was an invitee and the measure of the degree of care owed him, stressed by

the plaintiff, is, we think, quite immaterial, for the reasons we have already minded and for the added rationale that the duty owed to an invitee is co-extensive with the invitation issuing, that is, the bid to the reception room for the use of such conveniences as it may afford, does not include a reconnoiter which would take one to the grease pit, and this is so, even if he wanted his car greased.

*Eastern Shore, etc., Ass'n* v. *LeCato, supra; Knight* v. *Moore, supra.*

The final judgment of the trial court is plainly right and it is accordingly

*Affirmed.*