**Joseph E. DILLINGHAM, Appellant,**

v.

**SMITH–DOUGLASS COMPANY, Incorporated, Appellee.**

**No. 7718.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 22, 1958.

Decided Nov. 6, 1958.

---

William M. Harris and Robert M. Furniss, Jr., Norfolk, Va. (Taylor, Gustin & Harris, Norfolk, Va., on brief), for appellant.

Jack E. Greer, Norfolk, Va. (Lawson Worrell, Jr., and Williams, Cocke, Worrell & Kelly, Norfolk, Va., on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and BRYAN, District Judge.

ALBERT V. BRYAN, District Judge.

Dillingham, hurt in a fall from a defective scaffold while employed by an independent contractor installing a warehouse sprinkler system for the appellee, charged liability for his injuries to the appellee as the contractee-owner of the premises. The scaffold's defectiveness existed in a knot in a high horizontal cross-timber, a permanent structural brace in the building, which was utilized in place by Dillingham as a support for a board forming the floor of the scaffolding. Against an adverse verdict, directed solely on the evidence, Dillingham appeals.

Appellee had no control of the manner in which appellant's employer should perform its contract. Moreover, this independent contractor furnished its own scaffolds. While the adaptation of the cross-piece as a scaffold support was with the permission of the defendant, it was a gratuitous use, solely the contractor's idea and without invitation of any kind.

The impracticability of using here the mobile, steel scaffolding which had been used in the other buildings, did not imply an invitation, even conceding the difficulty was caused by the storage of the contractee's fertilizer in the floor space of the warehouse. That the parties did not intend to put upon the appellee a duty to make room for the scaffolding in this warehouse, for the installation of the sprinkler pipes, is emphasized by the presence of an express provision therefor in the contract in respect to other buildings and the absence of a similar stipulation in regard to this warehouse. The plaintiff admits he never requested removal of the fertilizer. Finally, the equal availability of other means than the use of the steel scaffold or the cross-board, to afford the contractor access to the point of installation, refutes all inference of invitation.

In these factual environs, the plaintiff was by law unquestionably an invitee upon the premises, a licensee upon the tie-beam. In the first category, the defendant owed him the duty to devote ordinary care, including a warning to him of any known dangers, to see to it that the premises were in a reasonably safe condition for his enjoyment within the bounds of the invitation. But, as already observed, he was not invited to impress the cross-timber into scaffold service. In this he held merely the license of the defendant, and the latter's responsibility to him was no more than to alert him to any peril positively known to the defendant. Defendant was not his employer and the doctrine of a safe place to work had no play here. Pettyjohn & Sons v. Basham, 1919, 126 Va. 72, 100 S.E. 813, 38 A.L.R. 391; Davis Bakery v. Dozier, 1924, 139 Va. 628, 124 S.E. 411; Trimyer v. Norfolk Tallow Co., 1951, 192 Va. 776, 66 S.E.2d 441.

But, given an invitee's status from beginning to end, the evidence fails to show the appellant was not accorded his every due. Hence, we need not ponder whether his license was in any degree abridged. Knowledge in fact of the imperfection in the timber is nowhere in the proof laid to the defendant. The fault in the wood was never described as discernible from ordinary inspection. For its intended purpose the strut had seemingly proved altogether serviceable. Indeed, nothing about it so much as hinted its inadequacy to bear, as well, the additional and different strain proposed for it by the contractor. Its later demonstrated weakness was previously hidden to even close observation. This the appellant himself proves. He examined each cross-board for its competency before using it. Further, this examination was at short range— "to see that they was nailed flush and locked tight against the upright piece in there"—and it did not reveal "anything wrong".

Plainly, then, the defendant was not neglectful of the plaintiff; it neither knew of the defect, nor with requisite attentiveness could have discovered it, in time to save the plaintiff from his distressing accident. But the opposite conclusion would convict the plaintiff of contributory negligence, too a bar to his recovery. This is necessarily true whenever, as here, the claimant had no less knowledge, and no less opportunity to know, of his danger than did the defendant. If the latter is to be adjudged derelict in the circumstances, then pari ratione so must the injured person.

The peremptory direction for the defendant was altogether proper.

Affirmed.