### Richmond

COLONIAL NATURAL GAS COMPANY

v.

MATTHEW J. SAYERS

December 4, 1981.

Record No. 790910.

BANK OF VIRGINIA-SOUTHWEST, SUCCESSOR, ETC.

v.

MATTHEW J. SAYERS

December 4, 1981.

Record No. 790918.

Present: All the Justices.

*Thomas J. McCarthy, Jr. (Gilmer, Sadler, Ingram, Sutherland & Hutton,* on brief), for appellant. (Record No. 790910.)

*Eugene L. Nuckols; Thomas L. Phillips (Crowell, Nuckols, Aust & Phillips,* on brief), for appellee. (Record No. 790910.)

*Edwin C. Stone (Davis & Stone, Attorneys, Inc.,* on brief), for appellant. (Record No. 790918.)

*Eugene L. Nuckols; Thomas L. Phillips (Crowell, Nuckols, Aust & Phillips,* on brief), for appellee. (Record No. 790918.)

COCHRAN, J., delivered the opinion of the Court.

Matthew J. Sayers filed in the trial court his motion for judgment for damages against H and F Construction Company, Inc. (H and F), Colonial Natural Gas Company (Colonial), and Bank of Virginia-Southwest, Successor to Peoples National Bank, Trustee under Trust Agreement of January 7, 1971, Trust Agreement No. 98, Beneficiary Leo L. Ginsburg (the Bank). Sayers alleged that he sustained personal injuries on the Bank's property when he fell into a ditch in which Colonial and its agent, H and F, had installed a gas line. In a jury trial, the jury returned a verdict in favor of Sayers in the amount of $40,000 against Colonial and the

Bank. The trial court, overruling their motions to set aside the verdict, entered judgment thereon against these defendants and entered judgment in favor of the third defendant, H and F. Having granted appeals on the separate petitions of Colonial and the Bank, we consolidated the appeals for oral argument.

At the time of the accident, Sayers had resided in an apartment complex known as MacGill Village for nineteen or twenty years. Legal title to the apartment complex was held by the Bank, which managed the property for the beneficial owner under a trust agreement. Sayers's apartment fronted on Floyd Lane, a paved street. There were no sidewalks in MacGill Village, and to visit their neighbors residents used footpaths worn in the lawns of the complex.

About 7:00 p.m. on February 9, 1975, Sayers left his apartment and walked fast along a path, which ran parallel to Floyd Lane at a distance of four or five feet from the apartment units, to his cousin's apartment on the same street in MacGill Village. Sayers had not used this particular path for six to eight months. When he found no one at his cousin's residence, Sayers started home, "trotting" along the path until he stepped into a ditch eight to nine inches wide and four to seven inches deep and received injuries the nature and extent of which are not now in issue.

Sayers did not have a flashlight or lantern with him. At each end of the block were street lights, but the nearest was 120 to 150 feet from the ditch. Sayers testified that the night was dark, and while he could barely see the path from the reflection of the street lights, he knew that he was in the path; he could feel it underfoot.

Sayers was aware that a gas line had been installed the preceding September or October for the benefit of another tenant, but, although he drove by it every day, he testified that he did not see the ditch or know that it was there until he was injured. The manager of the complex, whose office was directly across the street from the excavation for the gas line, had not observed the ditch until he received a complaint before Sayers was injured. He then saw that since the installation of the gas line, the filled-in trench in which the line had been laid had settled four or five inches. He twice notified Colonial to correct the problem, the second time shortly before the accident.

Sayers conceded that he could have seen big objects in front of him at the time of his accident but he said that he could not see "something in the ground." He also acknowledged that the ditch

would have been obvious to him in daylight and could have been seen by him at night if he had shined a flashlight in front of him. Sayers agreed that he could have gone to and from his cousin's apartment by way of Floyd Lane, but he asserted that it was dangerous, because of heavy traffic, to walk in the street.

The primary negligence of Colonial and the Bank, established by the verdict and judgment, is not challenged on appeal. Both Colonial and the Bank contend, however, that the trial court erred in not ruling that Sayers was barred from recovery as a matter of law by his contributory negligence or by his assumption of the risk of injury. In addition, the Bank contends that the trial court erred in ruling that Sayers was an invitee rather than a bare licensee in his use of the footpath at the time of his accident.

■ There is no merit in the argument that the trial court should have ruled that Sayers was a licensee. Sayers was using one of several footpaths that the evidence showed had been used for many years by tenants of MacGill Village in lieu of sidewalks. These footpaths were common areas which tenants were impliedly invited to use. *See City of Richmond v. Grizzard,* 205 Va. 298, 302-03, 136 S.E.2d 827, 830-31 (1964); *Taylor v. Virginia Construction Corp.,* 209 Va. 76, 79-80, 161 S.E.2d 732, 734-35 (1968). In using one of the common areas, Sayers occupied the status of an invitee, and the trial court instructed the jury as to the duties owed by the Bank as landowner to Sayers as an invitee. The court did not err in ruling that Sayers was an invitee, and no error has been assigned to the instructions defining the duties a landowner owes an invitee.

■ We will assume, without deciding, that the trial court correctly submitted the issue of assumption of risk to the jury. There must be knowledge, however, of the risk involved before it can be voluntarily assumed. *See Budzinski v. Harris,* 213 Va. 107, 110, 189 S.E.2d 372, 375 (1972); *McDowall & Wood v. Kilby,* 211 Va. 476, 478, 178 S.E.2d 497, 499 (1971). In *Kilby,* we held that the evidence established assumption of risk as a matter of law. The plaintiff in that case was a state trooper, who was injured when he drove into a ditch in a highway lane that he knew had been closed to traffic. He also knew that the ditch had been excavated across this lane ten days before but he presumed that the ditch had been closed because a large shovel had been moved away from the excavation. By proceeding on this presumption the

plaintiff voluntarily assumed the risk that the ditch might be un-filled. 211 Va. at 478-79, 178 S.E.2d at 499.

The present case is distinguishable from *Kilby*. There was evidence that Sayers knew that a gas line had been installed several months previously. But there was also evidence that he did not know that there was an open ditch resulting from settlement of the ground where the installation had been completed. Even if it was proper to submit the issue to the jury, certainly we cannot say as a matter of law that Sayers voluntarily assumed the risk of injuring himself in the open ditch.

In arguing that the evidence establishes conclusively that Sayers was guilty of contributory negligence, Colonial and the Bank rely upon *Baker* v. *Butterworth,* 119 Va. 402, 89 S.E. 849 (1916), and *Smith* v. *Wiley-Hall Motors,* 184 Va. 49, 34 S.E.2d 233 (1945). In *Baker,* the plaintiff obtained a judgment in the trial court for injuries sustained when she fell down a staircase at the end of an unlighted hotel hallway. We held that the trial court erred in not sustaining the defendants' demurrer on the ground of contributory negligence, since the plaintiff's pleading failed to aver a request for lights and affirmatively alleged that the hallway she used was "in utter darkness." 119 Va. at 406-07, 89 S.E. at 850. We have frequently observed, however, that determinations of contributory negligence as a matter of law turn on the particular facts in the particular case. *Pioneer Const. Co.* v. *Hambrick,* 193 Va. 685, 689-91, 70 S.E.2d 302, 305-06 (1952). In *Baker,* the overriding factor, within the factual context of the hotel conditions there described, was the plaintiff's own allegation of "complete" and "utter darkness." *Baker, supra,* 119 Va. at 407, 89 S.E. at 850.

In *Smith,* the plaintiff went into the reception room of a gasoline station to use the toilet. Without asking directions, he opened an unmarked door, entered a dark room, felt along the wall for a light switch, fell into the grease pit, and was injured. The case was submitted to a jury, which returned a verdict for the defendant, and the trial court entered judgment on the verdict. On appeal, we affirmed the judgment and observed that the plaintiff was obviously guilty of negligence constituting the sole proximate cause of his injuries and that the trial court might properly have sustained the defendant's motion to strike the plaintiff's evidence. 184 Va. at 52, 34 S.E.2d at 234.

*Baker* and *Smith* are distinguishable from the present case. In *Baker,* the plaintiff was walking in total darkness; Sayers was walking where he could see by the reflection of street lights the path underfoot and large objects in front of him. In *Smith,* the plaintiff was in an unfamiliar place walking into an area where he had no right to go; Sayers was on a familiar path where he had a right to be.

*Comess* v. *Norfolk General Hospital,* 189 Va. 229, 52 S.E.2d 125 (1949), upon which Sayers relies, is significant. In that case, the plaintiff went to the hospital at night to visit a patient. She walked in darkness along a paved walkway toward a door that she intended to enter, fell over an iron chain that had been stretched across the walk, and was injured. The walkway and door had previously been used by the plaintiff and others as a public entrance to the hospital, but the hospital had discontinued this means of access without, however, giving notice of its action other than by installing the chain and removing the knob from the door. We held that the plaintiff was an invitee, that she could assume, without knowledge or warning of danger, that the premises were reasonably safe, and that the question of her contributory negligence was for the jury to resolve. *See also Pioneer Const. Co.* v. *Hambrick, supra,* and *Tyler* v. *City of Richmond,* 168 Va. 308, 191 S.E. 625 (1937). These three cases illustrate the rule that contributory negligence is generally a jury question.

In the present case, Sayers was on familiar ground. He was not in total darkness, and as an invitee he could assume, without knowledge or warning of danger, that the footpath open for his use was reasonably safe. He must necessarily have crossed the ditch on his way to his cousin's apartment, but he testified that he did not see it until he fell on his return trip. We cannot say from this evidence as a matter of law that the danger was so obvious that Sayers was contributorily negligent in failing to see it. Nor can we say that he was guilty of contributory negligence as a matter of law in going on a dark night without a flashlight along the path that he could barely see rather than using a dangerous street, or in "trotting" rather than walking back from his cousin's apartment.

The question of contributory negligence was properly submitted to the jury by the trial court, and we will affirm the judgment.

*Affirmed.*