## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Lisa Hope Pelled

v.

Brandon Limited Partnership et al.

### Case No. (Law) 3299

By JUDGE HERBERT A. PICKFORD

### August 8, 1986

I remain of the opinion that the Landlord Tenant Act's requirement that a landlord has a duty to keep common areas clean and safe goes beyond just the physical integrity of his premises. The District Court of Appeals of Florida, in *Paterson* v. *Deeb*, 472 So. 2d 1210 (1985), cited by both [counsel], at page 1217, discusses "safe condition" as used in that state's statute with regard to common areas. While dealing primarily with the statutory requirement of providing leased premises "with locks and keys," the court notes that "means of preventing unauthorized access through doors and windows may be essential to maintaining the safe condition of common areas." In making this observation, the Court obviously was not restricting safety to the physical integrity of the premises.

Adequate lighting is about as necessary for the safety of tenants using a parking lot of their apartment complex as a lock on a window is for protecting them from a burglar. While light may not be a complete deterrent

to a criminal determined to commit an assault in a parking lot, the same is true with regard to a burglar confronting a locked window. Nevertheless, it has in general a deterrent effect and in our case the jury obviously concluded that the defendants breached their duty as set out in the instructions, that harm to Ms. Pelled was foreseeable and that the aforementioned breach of duty was a proximate cause of her injuries.

Defendant's motion to set aside the verdict is denied.

### September 23, 1986

[I have considered] the copy of the U. S. Fourth Circuit Court of Appeals September 8, 1986, opinion in *Deem* v. *Charles E. Smith Management, Inc.* (No 85-1996). I reviewed it coincidentally with the September 5, 1986, opinions of the Virginia Supreme Court, in particular its opinion in *Memco Stores, Inc.* v. *Yeatman*, 232 Va. 50, 3 V.L.R. 499. The *Memco* case involved the duty a storekeeper owes his invitees. Plaintiff in that case slipped on a plant leaf that somehow found its way onto one of the aisles of defendant's store. As in our case, duty and foreseeability were the paramount issues.

I mention the *Memco* case because both its plaintiff and the plaintiff in our case, Ms. Pelled, were invitees . . . . A tenant, using a common area provided by his or her landlord, occupies the status of an invitee (*see Colonial Natural Gas Co.* v. *Sayers*, 222 Va. 781 (1981)). *Memco* also stands for the proposition that a business's premises can be rendered unsafe by more than their own physical deficiencies.

The *Deem* Court accepts *Gulf Reston, Inc.* v. *Rogers*, 215 Va. 155 (1974), as painting a broad brush common law doctrine that a landlord owes his tenants no duty against the criminal acts of third parties. Because I am of the opinion that the presence of a third party bent upon criminal mischief can render a landlord's premises unsafe, I do not accord *Gulf Reston* such breadth. Virginia's common law recognizes that elements outside the premises can come upon them and render them unsafe. Myriad are the slip and fall cases of an invitee who comes upon some foreign substance like grease, snow, ice, etc. that has found its way upon the premises rendering them unsafe. The person owing his invitees a duty to keep his premises in a reasonably safe condition has to take

measures to rectify the unsafe condition created thereby or to prevent its occurrence if he has notice thereof. The likelihood of a criminal coming onto the premises rendering them unsafe is a similar situation. If such a danger is foreseeable, it is incumbent upon the landlord to undertake reasonable measures to counteract that threat to the safe condition of his premises. The jury in our case obviously believed the parking lot in question was unduly dark, that a foreseeable danger of criminal attack existed, and had the lot been reasonably illuminated such would have provided a deterrent to the attack Ms. Pelled suffered.

In summary, I believe the *Deem* Court was too restrictive in its view of Virginia's common law by limiting its construction of the Virginia Residential Landlord and Tenant Act "safe condition" requirement to the *Gulf Reston* decision. Accordingly, I again deny [the] motion to set aside the verdict rendered in favor of Ms. Pelled.