# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Kassia P. Allen

v.

Willie A. Brown,
Gloria Anderson,
and Maximum Investment Corp.

April 1, 2009

Case No. CL08-01572-F-15

BY JUDGE TIMOTHY S. FISHER

The following constitutes the court's ruling on the demurrer of Maximum Investment Corporation to the plaintiff's complaint, said demurrer being heard on March 30, 2009.

In short, as the parties are familiar with the facts, Maximum Investment Corporation has demurred to Count II of plaintiff's complaint alleging negligence on behalf of Maximum Investment Corporation in its status as the landlord/owner of the property at 200 Poplar Avenue in the City of Newport News leased by defendants Brown and/or Anderson/Andrews.

The operative facts involve an alleged attack by a pit bull dog owned by defendant Anderson and/or Brown at that residence.

A Motion to Crave Oyer having been granted at the hearing, the court will also look to the residential lease dated November 30, 2006, particularly paragraph 9, which states in pertinent part, "Landlord covenants for tenant's quiet enjoyment of the premises and to comply with all housing codes material effecting health and safety." The plaintiff claims the liability of the defendant landlord in this case stems from a duty alleged in paragraph 26. of the complaint in Count II stating "Defendant Maximum Investment had a duty to maintain the premises in a reasonably safe condition for invitees coming upon the premises."

for purposes of ruling on the demurrer, the court will assume, without deciding, that, under the facts as pleaded in this case, "the duties and liabilities of the landlord to the guests and invitees of the tenant, with respect to personal injuries . . ." are those owed to the tenant.

*See, Oliver v. Cashin,* 192 Va. 540, 543, 65 S.E.2d 571 (1951), cited in *Shehan v. Rush,* 75 Va. Cir. 386 (2008).

The plaintiff cites the court to the Richmond Circuit Court decision of *Brooks v. Hunt,* 73 Va. Cir. 518 (2007). Although that decision was decided after *Isbell v. Commercial Investment Association, Inc.,* 273 Va. 605, 644 S.E.2d 72 (2007), it is possible the court in *Brooks* may not have had an opportunity to review *Isbell* prior to the decision in August 2007 as *Isbell* was decided in April 2007. It appears clearly the *Brooks* decision is in conflict with the Supreme Court's decision in *Isbell* and *Isbell* is not addressed in that opinion.

The *Brooks* decision concludes that, "Under this covenant, the landlord has assumed responsibilities to the tenant beyond its common law duties." Interestingly enough, the covenant in the *Brooks* decision is virtually identical to the provisions of the Virginia Residential Landlord Tenant Act found in Virginia Code § 55-248.13(A), which requires a landlord to comply with the requirements of applicable building and housing codes materially affecting health and safety and to make all repairs and to do whatever is necessary to put and keep the premises in a fit and habitable condition. The court in *Isbell,* however, stated "we do not make the inference urged by *Isbell* that the imposition of these statutory duties on a landlord necessarily gives rise to liability in tort for the landlord's failure to fulfill them." *Id.* at 615.

A review of the decision of the Circuit Court of Rockingham County in *Burton v. Conway,* found at 47 Va. Cir. 106 (1998), is instructive in this case.

The plaintiff claimed in that case that he was an "invitee of a tenant" who rented a single family residence from the defendants and that, while he was visiting on the premises, he fell through a floorboard on the porch and suffered various personal injuries.

The court sustained an initial demurrer and, upon review of the amended complaint filed, had an occasion to conclude quoting *Newman v. Early,* 176 Va. 263, 265, 10 S.E.2d 885 (1940), which stated as follows, "A majority of the courts hold that the failure of the landlord to fulfill his promise to repair property in possession and control of the tenant does not impose upon

him any liability in tort." Following that decision, the Supreme Court of Virginia cited that principle with approval in *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 38 S.E.2d 465 (1946), by stating as follows:

> A question of difficulty has arisen in connection with a landlord's covenant to repair, as to whether the tenant can recover as against the landlord, for an injury to his person, or to his property on the premises, which would not have occurred had the landlord complied with his covenant. Such injuries resulting not directly from a breach of the contract, but from physical conditions existing apart from the contract, which the contract merely undertook to eliminate, cannot well be regarded as a proximate result of the breach of the contract within the contemplation of the parties at the time of the making thereof. To allow a recovery for such injuries is to allow a recovery as for tort on account to be breach of contract. As had been remarked, there is no more reason for allowing such a recovery against the landlord than against any other person, a carpenter or contractor, for instance who fails to carry out his contract to repair the premises.

*Caudill* at 241 cited in *Burton v. Conway, supra.*

A landlord and a tenant can certainly make a contract between the two of them which would be binding *as a contract*. Landlords governed by the Residential Landlord Tenant Act as noted in *Isbell* are required by Virginia Code § 55-248.13 to "comply with the requirements of applicable building and housing codes material effecting health and safety . . ." which is in effect the contractual agreement in *Brooks*. Although there is no evidence in *Brooks* or in this case as to whether or not the landlords are governed by the Virginia Residential Landlord Tenant Act, that is not the issue. The issue is whether the contractual obligation undertaken between the landlord and the tenant could impose tort liability upon the landlord for his failure to complete the contractual obligation. As the court stated in *Isbell*, which is clearly analogous to a contractual obligation, neither the failure to complete the contractual obligation nor the failure to comply with the statute will impose tort liability upon the landlord. The principle of *Oliver v. Cashin* is alive and well in Virginia.

In that case, as stated, "A landlord could be liable to an invitee for negligence in making repairs to leased premises but, in the case before the court, the landlord made no repairs. The landlord was not the cause of the

invitee's injuries." "Since the basis of a landlord's liability in making repairs is negligence, there must be a causal connection between the act of negligence and the injury." "The landlord's negligent act must be the real cause of the injury. Any liability of the landlord grows out of a positive act of negligence on the part of the landlord."

A breach of a contract between the landlord and the tenant does not give rise to tort liability on the part of the landlord to either the tenant or a third party, under these circumstances.

The duty alleged by plaintiff against defendant Maximum Investment in paragraph 26 does not exist in Virginia.

Accordingly, the demurrer of defendant Maximum Investment is sustained; however, as I stated at the hearing, the plaintiff is granted twenty-one days from the entry of the order sustaining the demurrer to file such amended complaint against defendant Maximum Investment as the plaintiff may be advised. In that respect, a review of *Burton v. Conway* would be helpful, as essentially this is the same procedure employed in that case.

I would ask that Mr. Spalding prepare the order sustaining the demurrer granting the plaintiff leave to amend along with granting the Motion to Crave Oyer.