## CIRCUIT COURT OF NELSON COUNTY

Louise Walisser

v.

Aaron F. Harris

February 26, 2010

Case No. CL08000400-00

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the demurrer of the defendant in this case. In this regard, I sustain the demurrer, and I dismiss the case.

I will set forth the basic facts pleaded in the Complaint. The plaintiff alleges that she was injured by dog bites from two pit bull terrier dogs in August 2006. She states that she was walking on Old Roberts Mountain Road when she was attacked by the dogs. Eric Johnson, a tenant of the defendant, owned pit bulls. Eric Johnson along, with Karen Vest, leased the property from the defendant. The lease agreement prohibited pets on the property. The driveway from the leased property connected with Old Roberts Mountain Road. The complaint further alleges that the defendant knew the pit bulls were on the leased property and was "aware that pit bulls could be vicious." Also the Complaint states that the defendant knew or should have known that the pit bulls "were often allowed to run free on the property."

The Complaint alleges liability under five counts. The plaintiff has conceded the demurrer to Counts II and IV and will not proceed under those counts. The legal theories of the remaining three counts are negligence, negligent failure to warn of unsafe condition, and nuisance.

Va. Code § 1-200 provides that the common law of England continues in full force in Virginia. In this light, the Supreme Court of Virginia has held that, under the common law, a landlord has no duty to maintain in a safe condition any part of the leased premises under the a tenant's exclusive control. *Isbell v. Commercial Investment Assocs.*, 273 Va. 605, 611, 644

S.E.2d 72 (2007). Further, a contractual duty undertaken by a landlord does not make the landlord liable in tort for a tenant's injuries when the landlord breaches a covenant to repair. *Paytan v. Rowland*, 208 Va. 24, 27, 155 S.E.2d 36 (1967); *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 241, 38 S.E.2d 465 (1946). Moreover, the duties and liabilities of a landlord to guests and invitees of a tenant are normally the same as those the landlord owes to the tenant. *Oliver v. Cashin*, 192 Va. 540, 543, 65 S.E.2d 571 (1951).

The plaintiff, in her complaint, seeks to place the responsibility for the pit bulls on the defendant. The court can reasonably infer from the complaint that the tenants had exclusive control of the premises pursuant to the lease. Under the common law recognized in *Isbell*, the defendant, as landlord, had no duty to keep in a safe condition the leased premises under the control of his tenants. Likewise, just as the tenants in *Paytan* and *Caudill* could not hold a landlord liable for injuries for breach of a covenant to repair, a passerby such as the plaintiff cannot hold a landlord liable for the tenant's breach of a covenant not to have pets. As the Supreme Court held in *Oliver*, the duties of a landlord to guests and invitees are the same as those owed to the tenant. Just as a landlord has no duty to protect a tenant from his own dogs, the landlord certainly has no duty to protect a passerby from the tenant's dogs. It is not reasonable to hold that a landlord has a greater duty to protect a passerby from attack by the tenant's dogs than he has to protect a guest or invitee of the tenant from the dogs.

Accordingly, I hold that, under the common law of Virginia, a landlord is not liable in tort to a passerby even if the landlord breaches a contractual covenant with its tenant. Further, a landlord owes no greater duty to a passerby than he does to the tenant. Certainly, if a landlord owes no duties to guests or invitees of the tenant to protect them form attacks from the tenant's dogs, the landlord owes no greater duty to a mere passerby walking on a public road adjacent to the demised premises.

The instant case is similar to the case of *Allen v. Brown*, 79 Va. Cir. 29 (2009), decided by the Newport News Circuit Court. In that case, an invitee on leased premises had been attacked by a pit bull owned by tenants. A tort action was brought against the landlord. The landlord's demurrer was sustained in that case on the basis of *Isbell, Caudill*, and *Oliver*. The only material difference in the facts of *Allen v. Brown* and the instant case is that the plaintiff in *Allen* was an invitee while the plaintiff in the instant case was a passerby. There is no logical reason why the duty of a landlord to a passerby should be greater than to an invitee.

Count I of the complaint is a general negligence count. Count III of the complaint is negligent failure to warn of an unsafe condition. Each of these counts is a tort claim based on negligence. As set forth above, the common law duties alleged are the duties of the tenant, not that of the landlord. The plaintiff, in derogation of the common law, seeks to place these duties on the landlord.

Count V alleges that the landlord created a nuisance. However, upon reading this count, it is apparent that this is simply a negligence allegation. Paragraph 69 states "[A]s a direct and proximate result of Defendant's negligence or conduct set forth above, the Plaintiff suffered severe, serious, permanent, and painful physical and psychological injuries." This count is again an effort to pass the tenant's negligence to the landlord in derogation of the common law.

In addition to the ruling set forth above, the allegations in the three remaining counts of the complaint fail to state a claim for other reasons. Count I, the negligence claim, alleges that the defendants had prior notice that "pit bull dogs were aggressive, had vicious tendencies, and/or possessed a propensity . . . to pose a serious danger to others." Complaint, paragraph 27. Under the factual allegations of the complaint, however, the only allegation of direct observation of the dogs by the defendant is paragraph 14 where it is stated that the defendant observed the pit bulls when they were secured by a heavy chain. Further, it is alleged that because he previously worked as a UPS driver, he had knowledge that pit bulls can be vicious. Complaint, paragraph 16. There is no allegation in the complaint that the defendant either saw these particular pit bulls running loose or acting viciously. Additionally, no decision of the Virginia Supreme Court has held that pit bulls are vicious *per se*. In fact, under the dog control laws of the Code of Virginia it is provided that "[N]o canine . . . shall be found to be a dangerous dog or vicious dog solely because it is a particular breed." Va. Code § 3.2-6540(C). This code section is indicative of the policy of the Commonwealth of Virginia not to designate a particular breed as being dangerous. Thus, the implication in Count I that the defendant should be held liable because pit bulls are vicious or dangerous is simply not supported by case decision or statute.

The plaintiff cites in her memorandum *Colonial Nat. Gas v. Sayers*, 222 Va. 781, 284 S.E.2d 599 (1981), as support for her negligence count. *Sayers*, however, is not applicable. *Sayers* is a premises case where the injured person occupied the status of an invitee. In other words, the plaintiff was actually on the premises when he was injured by falling into a hole. Accordingly, in *Sayers* the law of owners and occupants was implicated. In the instant case, the dog bite did not occur on the premises leased by the defendant. It occurred on a public road. Thus, the law applicable to an invitee does not apply under the facts of this case.

Count III alleges a negligent failure to warn. Under the theory of this allegation, the defendant was aware of the danger posed to a passerby by the pit bulls. The cases, however, cited by the plaintiff do not support this theory. *Burruss v. Suddith*, 187 Va. 473, 47 S.E.2d 546 (1948), is a case involving notice to a person on the premises of the danger resulting from the operation of a machine. The instant case is not a premises case. *Remine & Meade v. Whited*, 180 Va. 1, 21 S.E.2d 743 (1942), involves the duty of a

passenger of a motor vehicle to warn a driver. The instant case is obviously not a driving case. *Low Moor Iron Co. v. La Bianca*, 106 Va. 83, 55 S.E. 532 (1906), is a master and servant case. None of the cases cited by the plaintiff impose any duty on a landlord to notify a person who is not on the premises of a danger that occurs off the premises.

Count V is the nuisance allegation. As noted above, this is simply another way for the plaintiff to allege negligence. The same rulings the court has made with respect to the negligent Count I is applicable to this count.

Under the circumstances pleaded in this case, I cannot construe the facts in a way that would create a cause of action by the plaintiff against the defendant. Accordingly, the case is dismissed on the demurrer.